## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

KYDAISHA BURTON, individually and as
Mother, Next Friend, and Natural Guardian
of K.B., her minor child, and KESHAW
CAMPBELL, individually,

     Plaintiffs,

v.

UNITED STATES OF AMERICA,

     Defendant.

Case No.  1:21-CV-17 (LAG)

## ANSWER OF THE UNITED STATES OF AMERICA

Defendant United States of America, by and through the Acting United States Attorney for the Middle District of Georgia, answers the Plaintiffs' Complaint as follows:

1.

The allegations of Paragraph 1 contain jurisdictional allegations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2.

Defendant admits the allegations in Paragraph 2.

3.

Defendant admits that Minor-Plaintiff K.B. is the son of Plaintiffs Kydaisha Burton and Keshawn Campbell. Defendant is without knowledge or information sufficient to form a belief as to the residency of Kydaisha Burton and the residency of Keshawn

Campbell. The last sentence of Paragraph 3 contains jurisdictional allegations to which no response is required. All allegations in Paragraph 3 are denied.

4.

Defendant admits only that, at all times relevant to this Complaint, CareConnect Health, Inc., d/b/a Americus OBGYN ("Center") was a deemed entity of the Public Health Service Act, pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n). All allegations in Paragraph 4 not specifically admitted are denied.

5.

The allegations of Paragraph 5 contain jurisdictional allegations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.

The allegations of Paragraph 6 contain jurisdictional allegations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7.

The allegations of Paragraph 7 contain jurisdictional allegations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

8.

Defendant admits the allegations in Paragraph 8.

9.

Defendant admits only that, at all times relevant to this Complaint, Dr. Ajay S. Gehlot was a duly licensed healthcare provider acting within the scope of his employment as an employee of the Center pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n). All allegations in Paragraph 9 not specifically admitted are denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10. To the extent an answer is required, Defendant denies the allegations in Paragraph 10.

11.

Defendant denies the allegations in Paragraph 11.

12.

Defendant denies the allegations in Paragraph 12.

13.

Defendant admits the allegations in Paragraph 13.

14.

Defendant admits only that, at all times relevant to this Complaint, Dr. Kenneth Healey was a duly licensed healthcare provider acting within the scope of his employment as an employee of the Center pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n). All allegations in Paragraph 14 not specifically admitted are denied.

15.

Paragraph 15 of the Complaint contains legal conclusions to which no response is required. Defendant admits only that Dr. Healey provided some care to Plaintiff Kydaisha Burton and K.B. during the relevant time period. All allegations in Paragraph 15 not specifically admitted are denied.

16.

Defendant denies the allegations in Paragraph 16.

17.

Defendant admits the allegations in Paragraph 17.

18.

Defendant admits only that, at all times relevant to this Complaint, Ashley Wilson, CNM, was a duly licensed healthcare provider acting within the scope of her employment as an employee of the Center pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n). All allegations in Paragraph 18 not specifically admitted are denied.

19.

Paragraph 19 of the Complaint contains legal conclusions to which no response is required. Defendant admits only that CNM Wilson provided some care to Plaintiff Kydaisha Burton during the relevant time period. All allegations in Paragraph 19 not specifically admitted are denied.

20.

Defendant denies the allegations in Paragraph 20.

21.

Defendant admits the allegations in Paragraph 21.

22.

Defendant admits only that, at all times relevant to this Complaint, Crystal Settle, CNM, was a duly licensed healthcare provider acting within the scope of her employment as an employee of the Center pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n). All allegations in Paragraph 22 not specifically admitted are denied.

23.

Paragraph 23 of the Complaint contains legal conclusions to which no response is required. Defendant admits only that CNM Settle provided some care to Plaintiff Kydaisha Burton and K.B. during the relevant time period. All allegations in Paragraph 23 not specifically admitted are denied.

24.

Defendant denies the allegations in Paragraph 24.

25.

The allegations in Paragraph 25 contain jurisdictional allegations to which no response is required. Defendant admits only that, at all times relevant to this Complaint, Dr. Gehlot, Dr. Healey, CNM Wilsom, and CNM Settle were duly licensed healthcare providers acting within the scope of their employment as employees of the Center pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n). All allegations in Paragraph 25 not specifically admitted are denied.

26.

Defendant admits only that on June 9, 2020, Plaintiff Kydaisha Burton, individually and as mother, next friend, and natural guardian of KB, her minor child, and Keshawn Campbell, individually, filed three administrative tort claims with the U.S. Department of Health and Human Services ("HHS"). All allegations in Paragraph 26 not specifically admitted are denied.

27.

Defendant denies the allegations in Paragraph 27.

28.

Defendant admits only that HHS denied Plaintiffs' three administrative tort claims on Mary 17, 2021. All allegations in Paragraph 28 not specifically admitted are denied.

29.

The allegations of Paragraph 29 contain jurisdictional allegations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.

Defendant admits only that, at all times relevant to this Complaint, the Center was a deemed entity of the Public Health Service Act, pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n). All allegations of Paragraph 30 not specifically admitted are denied.

31.

Defendant admits only that, at all times relevant to this Complaint, Dr. Gehlot, Dr. Healey, CNM Wilsom, and CNM Settle were duly licensed healthcare providers acting

within the scope of their employment as employees of the Center pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n). All allegations in Paragraph 31 not specifically admitted are denied.

32.

Defendant denies the allegations of Paragraph 32.

33.

Paragraph 33 is a characterization of Plaintiffs' legal claims to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 33.

34.

Paragraph 34 is a characterization of Plaintiffs' legal claims to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 34.

35.

Defendant admits that Plaintiff Kydaisha Burton is the natural parent of K.B. Defendant is without knowledge or information sufficient to form a belief as to the other factual allegations in the first sentence of Paragraph 35. The second sentence of Paragraph 35 is a characterization of Plaintiffs' legal claims to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 35 not specifically admitted.

36.

Paragraph 36 is a characterization of Plaintiffs' legal claims to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 36.

**FACTUAL BACKGROUND**

37.

Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 – 36.

38.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 38 that are inconsistent with the content of the authenticated medical record.

39.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 39 that are inconsistent with the content of the authenticated medical record.

40.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 40 that are inconsistent with the content of the authenticated medical record.

41.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 41 that are inconsistent with the content of the authenticated medical record.

42.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 42 that are inconsistent with the content of the authenticated medical record.

43.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 43 that are inconsistent with the content of the authenticated medical record.

44.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 44 that are inconsistent with the content of the authenticated medical record.

45.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 45 that are inconsistent with the content of the authenticated medical record.

46.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 46 that are inconsistent with the content of the authenticated medical record.

47.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 47 that are inconsistent with the content of the authenticated medical record.

48.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 48 that are inconsistent with the content of the authenticated medical record.

49.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 49 that are inconsistent with the content of the authenticated medical record.

50.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 50 that are inconsistent with the content of the authenticated medical record.

51.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 51 that are inconsistent with the content of the authenticated medical record.

52.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 52 that are inconsistent with the content of the authenticated medical record.

53.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 53 that are inconsistent with the content of the authenticated medical record.

54.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 54 that are inconsistent with the content of the authenticated medical record.

55.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 55 that are inconsistent with the content of the authenticated medical record.

56.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 56 that are inconsistent with the content of the authenticated medical record.

57.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 57 that are inconsistent with the content of the authenticated medical record.

58.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 58 that are inconsistent with the content of the authenticated medical record.

59.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 59 that are inconsistent with the content of the authenticated medical record.

60.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 60 that are inconsistent with the content of the authenticated medical record.

61.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 61 that are inconsistent with the content of the authenticated medical record.

62.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 62 that are inconsistent with the content of the authenticated medical record.

63.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 63 that are inconsistent with the content of the authenticated medical record.

64.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 64 that are inconsistent with the content of the authenticated medical record.

65.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 65 that are inconsistent with the content of the authenticated medical record.

66.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 66 that are inconsistent with the content of the authenticated medical record.

67.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 67 that are inconsistent with the content of the authenticated medical record.

68.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 68 that are inconsistent with the content of the authenticated medical record.

69.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 69 that are inconsistent with the content of the authenticated medical record.

70.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 70 that are inconsistent with the content of the authenticated medical record.

71.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 71 that are inconsistent with the content of the authenticated medical record.

72.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 72 that are inconsistent with the content of the authenticated medical record.

73.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 73 that are inconsistent with the content of the authenticated medical record.

74.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 74 that are inconsistent with the content of the authenticated medical record.

75.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 75 that are inconsistent with the content of the authenticated medical record.

76.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 76 that are inconsistent with the content of the authenticated medical record.

77.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 77 that are inconsistent with the content of the authenticated medical record.

78.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 78 that are inconsistent with the content of the authenticated medical record.

79.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 79 that are inconsistent with the content of the authenticated medical record.

80.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 80 that are inconsistent with the content of the authenticated medical record.

81.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 81 that are inconsistent with the content of the authenticated medical record.

82.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 82 that are inconsistent with the content of the authenticated medical record.

83.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 83 that are inconsistent with the content of the authenticated medical record.

84.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 84 that are inconsistent with the content of the authenticated medical record.

85.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 85 that are inconsistent with the content of the authenticated medical record.

86.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 86 that are inconsistent with the content of the authenticated medical record.

87.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 87 that are inconsistent with the content of the authenticated medical record.

88.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 88 that are inconsistent with the content of the authenticated medical record.

89.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 89 that are inconsistent with the content of the authenticated medical record.

90.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 90 that are inconsistent with the content of the authenticated medical record.

91.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 91 that are inconsistent with the content of the authenticated medical record.

92.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 92 that are inconsistent with the content of the authenticated medical record.

93.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 93 that are inconsistent with the content of the authenticated medical record.

94.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 94 that are inconsistent with the content of the authenticated medical record.

95.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 95 that are inconsistent with the content of the authenticated medical record.

96.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 96 that are inconsistent with the content of the authenticated medical record.

97.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 97 that are inconsistent with the content of the authenticated medical record.

98.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 98 that are inconsistent with the content of the authenticated medical record.

99.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 99 that are inconsistent with the content of the authenticated medical record.

100.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 100 that are inconsistent with the content of the authenticated medical record.

101.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 101 that are inconsistent with the content of the authenticated medical record.

102.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 102 that are inconsistent with the content of the authenticated medical record.

103.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 103 that are inconsistent with the content of the authenticated medical record.

104.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 104 that are inconsistent with the content of the authenticated medical record.

105.

To the extent Plaintiffs quote accurately from the medical record, Defendant admits only that that such language is contained in the medical record. To the extent Plaintiffs attempt to summarize the content of the medical record, Defendant states that the medical records speak for themselves as to their content. Defendant specifically denies any allegations or inferences in Paragraph 105 that are inconsistent with the content of the authenticated medical record.

106.

Defendant denies the allegations of Paragraph 106.

107.

Defendant denies the allegations of Paragraph 107.

108.

Defendant denies the allegations of Paragraph 108.

109.

Defendant denies the allegations of Paragraph 109.

110.

Defendant denies the allegations of Paragraph 110.

## **COUNT 1: MEDICAL NEGLIGENCE**

111.

Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 – 110.

112.

Paragraph 112 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 112.

113.

Paragraph 113 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 113.

114.

Defendant denies the allegations of Paragraph 114.

115.

Defendant denies the allegations of Paragraph 115.

116.

Paragraph 116 of the Complaint contains legal conclusions related to a medical standard of care and causation to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 116.

117.

Paragraph 117 of the Complaint contains legal conclusions related to a medical standard of care and causation to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 117.

118.

Paragraph 118 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 118, including subparts (a) – (l).

119.

Paragraph 119 of the Complaint contains legal conclusions related to causation to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 119.

120.

Paragraph 120 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 120.

121.

Paragraph 121 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 121.

122.

Paragraph 122 of the Complaint contains legal conclusions related to a medical standard of care and causation to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 122.

123.

Paragraph 123 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 123.

124.

Paragraph 124 of the Complaint contains legal conclusions related to a medical standard of care, causation, and damages to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 124.

125.

Paragraph 125 of the Complaint contains legal conclusions related to a medical standard of care, causation, and damages to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 125.

126.

Paragraph 126 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 126, including subparts (a) – (i).

127.

Paragraph 127 of the Complaint contains legal conclusions related to causation to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 127.

128.

Paragraph 128 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 128.

129.

Paragraph 129 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 129.

130.

Paragraph 130 of the Complaint contains legal conclusions related to a medical standard of care and causation to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 130.

131.

Paragraph 131 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 131.

132.

Paragraph 132 of the Complaint contains legal conclusions related to a medical standard of care, causation, and damages to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 132.

133.

Paragraph 133 of the Complaint contains legal conclusions related to a medical standard of care, causation and damages to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 133.

134.

Paragraph 134 of the Complaint contains legal conclusions related to a medical standard of care to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 134, including subparts (a) – (h).

135.

Paragraph 135 of the Complaint contains legal conclusions related to causation and damages to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 135.

## COUNT TWO: DIRECT LIABILITY/INSTITUTIONAL NEGLIGENCE

136.

Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 – 135.

137.

Defendant denies the allegations of Paragraph 137.

138.

Defendant denies the allegations of Paragraph 138.

139.

Defendant denies the allegations of Paragraph 139.

140.

Defendant denies the allegations of Paragraph 140.

141.

Defendant denies the allegations of Paragraph 141.

142.

Defendant denies the allegations of Paragraph 142.

## <u>DAMAGES</u>

143.

Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 – 142.

144.

Paragraph 144 states Plaintiffs' characterization of Plaintiffs' claim for damages, to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 144.

145.

Paragraph 145 states Plaintiffs' characterization of Plaintiff Kydaisha Burton's claim for damages, to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 145.

146.

Paragraph 146 states Plaintiffs' characterization of Plaintiff Kydaisha Burton's claim for damages on behalf of K.B., to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 146.

147.

Paragraph 147 states Plaintiffs' characterization of Plaintiff Kydaisha Burton's claim for damages, to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 147.

148.

Paragraph 148 states Plaintiffs' characterization of Plaintiff Keshawn Campbell's claim for damages, to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 148.

149.

Paragraph 149 states Plaintiffs' characterization of Plaintiff Keshawn Campbell's claim for damages on behalf of K.B., to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 149.

150.

Paragraph 150 states Plaintiffs' characterization of Plaintiff Keshawn Campbell's claim for damages, to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 150.

The paragraph beginning with "WHEREFORE" and containing numbered paragraphs (1) through (5) contain Plaintiffs' prayer for relief.  A response is not required to these paragraphs; however, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any judgment, costs, or other relief.

All allegations not specifically admitted in this Answer are denied.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      The Court lacks subject matter jurisdiction over any claims brought by Plaintiffs because of failure to exhaust administrative remedies.

3.     All claims asserted in the Complaint by Plaintiffs are barred by the statute of limitations.  28 U.S.C. § 2401(b).

4.     Defendant United States, through its employees, agents, and servants, acted at all relevant times with due care and diligence and therefore the United States could not have breached any actionable duty owed to Plaintiffs.

5.     In the event that Defendant is found negligent, which negligence Defendant denies, such negligence is not the cause in fact or proximate cause of alleged damages suffered by Plaintiffs.

6.     In the event that Defendant is found negligent, which negligence Defendant denies, then the acts or omissions of Plaintiffs contributed to the injuries and damages of which Plaintiffs complain, and Defendant is not liable therefore.

7.     Plaintiffs willfully or negligently failed to mitigate injuries, losses, and damages for which Plaintiffs attempt to hold the United States liable and his entitlement to recover, if any, should be reduced in proportion to the role such failure played in the consequences which ensued, in accordance with O.C.G.A. § 51-12-33(a).

8.     Pursuant to 28 U.S.C. § 2678, Defendant United States is not liable for attorneys' fees except as provided for by the Federal Torts Claims Act.

9.     Pursuant to 28 U.S.C. § 2674, Defendant United States is not liable for interest prior to judgment or for punitive or special damages.

10.     Pursuant to 28 U.S.C. § 2675(b), Plaintiffs cannot recover more in damages than demanded in their administrative tort claims.

11.     Damages recoverable, if any, are subject to the limits of the law of the state of Georgia.

12.     CareConnect Health, Inc., d/b/a Americus OBGYN, Dr. Kenneth Healey, Ashley Wilson, CNM, Crystal Settle, CNM, and Dr. Ajay S. Gehlot are immune from suit. 28 U.S.C. § 2679(b)(1).

13.     Defendant hereby reserves the right to plead all other affirmative defenses or any other applicable state and federal statute which through discovery it learns may be applicable.

WHEREFORE, having fully answered the Complaint, Defendant prays:

(a) That Plaintiffs take nothing and this action be dismissed;

(b) That the costs of this action be taxed against Plaintiffs;

(c) For an award of all allowable costs and fees against Plaintiffs; and

(d) That the Court grant Defendant such other relief as is just and proper.

Respectfully submitted this 16th day of May, 2022.

PETER D. LEARY
UNITED STATES ATTORNEY

By:     *s/ E. Bowen Reichert Shoemaker*
E. BOWEN REICHERT SHOEMAKER
Assistant United States Attorney
Georgia Bar No. 222443
LANCE SIMON
Assistant United States Attorney
Georgia Bar No. 447643
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Bowen.Shoemaker@usdoj.gov

40

Lance.Simon@usdoj.gov