**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

KYDAISHA BURTON, individually and as
Mother, Next Friend, and Natural Guardian
of K.B., her minor child, and KESHAW
CAMPBELL, individually,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

Case No.  1:21-CV-17 (LAG)

## <u>UNITED STATES' MOTION TO JOIN PARTY DEFENDANTS AND MEMORANDUM IN SUPPORT</u>

Defendant United States of America, by and through the United States Attorney for the Middle District of Georgia, moves the Court to join Phoebe Putney Health System, Inc.; Phoebe Sumter Medical Center, Inc.; Phoebe Putney Memorial Hospital, Inc.; Jack D. Owens, M.D.; Sirlena E. Brown, N.P.; Fleming Burroughs, M.D.; and all other defendants in the state court case currently pending in Dougherty County State Court (collectively, State Court Defendants) as co-defendants in the above-captioned case. Despite the State Court Defendants being specifically named in the federal complaint as involved in the key allegations of this birth injury case, they are not parties to this case. But they should be.

Importantly, as explained more fully below, the parties to this litigation have long expected apportionment to be an issue in the case. Plaintiffs' counsel admitted as much to the Court during a status conference months ago, calling the multiple medical

providers involved in Ms. Burton's care "pieces of the same puzzle." Plaintiffs originally named both the State Court Defendants and the federal Defendants in the same lawsuit—not two separate cases. Now, for fairness's sake, the parties should be joined back together so that the case can fairly and justly proceed through discovery and trial. The State Court Defendants should be joined as party-defendants under Rule 19(a) because (1) they are "active participants" in the facts underlying the federal case, (2) there are unique conditions under Georgia law that support joinder as a pragmatic remedy to ensure complete relief, and (3) this Court has recently used joinder in a similar way and should do so again here.[1]

## I.   RELEVANT FACTUAL BACKGROUND

The Complaint in this case alleges that Ms. Burton received her general prenatal care at CareConnect Health d/b/a Americus OBGYN (Americus OBGYN), a federally qualified health center, beginning on May 19, 2017, when she was 16 3/7 weeks gestation. ECF No. 3 ¶ 38. Between May 19, 2017, and October 22, 2017, Ms. Burton received prenatal care at both Americus OBGYN and Phoebe Sumter to treat her alleged high blood pressure (*compare* ECF No. 3 ¶¶ 38-40; 45-46 (Americus OBGYN allegations) *with* ECF No. 3 ¶¶ 41-44 (Phoebe Sumter allegations)).

On October 22, 2017, the Complaint alleges that Ms. Burton appeared at Phoebe Sumter in active labor when she was 38 5/7 weeks gestation. ECF No. 3 ¶ 47. Plaintiffs

---

[1] If the Court finds that joinder is not appropriate under Rule 19, in the alternative, the United States respectfully requests that the Court allow the United States to file a third-party complaint against the State Court Defendants under Rule 21.

describe in detail the care she received during labor and delivery from both Americus OBGYN employees and Phoebe Sumter employees. ECF No. 3 ¶¶ 48-85. The Complaint also provides detailed allegations about the care that K.B. and Ms. Burton received initially at Phoebe Sumter and then at Phoebe Putney after they were both transferred. ECF No. 3 ¶¶ 86-105.

The Complaint makes clear that the care Ms. Burton received during her prenatal, labor and delivery, and postpartum periods was layered and complex and involved providers from three entities: Americus OBGYN, Phoebe Sumter, and Phoebe Putney.[2] The same is true for the care received by K.B. These entities and their providers worked together, as a team, throughout the course of care provided to K.B. and Ms. Burton.

## II.     PROCEDURAL BACKGROUND

Plaintiffs originally filed their complaint on October 22, 2019—exactly two years after K.B. was born—in the Superior Court of Dougherty County, Georgia. *See Burton v. Phoebe Putney Health System Inc., et al.*, Case No. 1:20-cv-29 (M.D. Ga.) ("Burton I"), State Court Complaint, ECF No. 1-1. Then, on February 14, 2020, the United States removed the case to this Court. *See id.*, Notice of Removal, ECF No. 1. As part of the removal, the United States filed a Notice invoking 42 U.S.C. §§ 233(a) and (c) and indicating that the United States had deemed certain Defendants as employees of the Public Health Service (PHS). *See id.* The United States noted that it was assuming the defense of the deemed PHS employees—specifically, Americus OBGYN; Kenneth Healey, M.D.; Ashley Wilson,

---

[2] The Court referenced this layered, interwoven care by providers from all three entities in its order denying the United States' motion to dismiss. ECF No. 15.

C.N.M.; Crystal Settle, C.N.M.; and Ajay S. Gehlot, M.D. *See id.* At the time of the removal, all of the medical providers—from both Americus OBGYN and the relevant hospitals— were defendants in the same lawsuit before this Court. *Id.*

The day that the case was removed, the United States filed a motion to dismiss on the ground that Plaintiffs had not properly exhausted their administrative remedies. *Burton I*, ECF No. 4. The motion to dismiss was granted on May 14, 2020, for a lack of jurisdiction. *Burton I*, ECF No. 22. The United States was dismissed, and the case involving the non-federal defendants was remanded to state court where it continues today (*i.e.*, the State Court Case).

On January 20, 2021, Plaintiffs initiated the instant new civil action against the United States under the FTCA by way of FSHCAA's remedies provision set forth at 42 U.S.C. § 233(g). ECF No. 3 ¶ 25. Plaintiffs alleged that, pursuant to 28 U.S.C. § 2675(a), they had exhausted their administrative remedies because they submitted a Notice of Claim to HHS on June 9, 2020, and HHS had not acted upon their claim within six months of submission. ECF No. 3 ¶¶ 26-29.

On April 9, 2021, the United States moved to dismiss on the grounds that Plaintiffs failed to meet the statute of limitations because they did not present an administrative claim to the appropriate agency within the two-year statute of limitations window required by the FTCA. ECF No. 7. In response, Plaintiffs argued that their claims against the United States were not discovered and did not accrue until August 7, 2019. ECF No. 10. Plaintiffs based their argument solely on statements allegedly made by the State Court Defendants to Ms. Burton. Neither Plaintiffs' affidavits nor their briefing cites to any

statement made after Ms. Burton's delivery by any provider at Americus OBGYN. *See* ECF Nos. 10, 10-1, and 10-2. The Court ruled against the United States on March 31, 2022, citing as factual support for its denial the alleged statements of the State Court Defendants. ECF No. 15.

The United States filed its answer on May 16, 2022, denying liability. ECF No. 17. The Court then issued a scheduling order with a March 24, 2023 deadline to join or add parties. ECF No. 24. That deadline was extended by consent to April 3, 2023. ECF No. 26. On March 30, 2023, the United States filed a request for a 30-day extension (ECF No. 27) and now files this motion.

### III.    LEGAL FRAMEWORK

Federal Rule of Civil Procedure 19(a)(1) defines a "required party" to an action as "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" and who "must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(a)(1). Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

## IV.     LEGAL ANALYSIS

The State Court Defendants should be joined as party-defendants pursuant to Rules 19(a) and 21, and should once again be defendants before this Court, for three reasons. First, the Complaint confirms that the State Court Defendants were "active participants" in key allegations in this case. Second, Georgia apportionment law has a unique wrinkle that requires joinder to ensure complete relief. Third, this Court has recently recognized the importance of joinder in situations—like this one—where pragmatic concerns necessitate the Court's involvement to ensure a fair result.

> a.   **Complete relief cannot be granted without the State Court Defendants because they were "active participants" in the events giving rise to Plaintiffs' Complaint**.

Rule 19(a) prescribes the conditions in which a non-party is considered a required party to a lawsuit. *See Santiago v. Honeywell Int'l, Inc.*, 768 F. App'x 1000, 1004 (11th Cir. 2019) (noting that caselaw has also defined this type of party as a "necessary" party). "In making this decision, pragmatic concerns, especially the effect on the parties and the litigation, control." *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) (internal quotation marks omitted). A party is required "if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." *Laker Airways, Inc. v. Brit. Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

Although the Supreme Court has determined that "complete relief" does not require that all joint tortfeasors be named as defendants in the same lawsuit, *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990), there are certain instances where joinder of a joint

6

tortfeasor is warranted to achieve the goal of "complete relief." The Eleventh Circuit has clarified that "a joint tortfeasor will be considered a necessary party when the absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation,'" *Laker Airways*, 182 F.3d at 848 (citation omitted).

The State Court Defendants meet the condition described in *Laker Airways*. They emerge as "active participants" because the Complaint alleges that they were involved in significant aspects of Plaintiffs' medical treatment throughout the continuum of care: prenatal care of Ms. Burton in September 2017 (ECF No. 3 ¶¶ 41-44), labor and delivery in October 2017 (ECF No. 3 ¶¶ 47, 61-63), neonatal care of K.B. in October 2017 and November 2017 (ECF No. 3 ¶¶ 85-95), and postpartum care of Ms. Burton in October 2017 (ECF No. 3 ¶¶ 96-105). Further, there are multiple actors named in the federal Complaint who were employees of the State Court Defendants and who were integrally involved in the facts of the case including, but not limited to, Nurse Murray (ECF No. 3 ¶ 61, 63), D. Lumpkin (ECF No. 3 ¶ 62), Nurse Practitioner Brown (ECF No. 3 ¶¶ 87-89), Dr. Anthony Murro (ECF No. 3 ¶¶ 90-91), Dr. Edwin Fortenbery (ECF No. 3 ¶ 92), and Dr. Allison Hays (ECF No. 3 ¶ 93).

The care provided by the State Court Defendants is critical to this case. The United States intends to raise a proximate causation defense, which directly implicates the State Court Defendants' actions and inactions during the relevant time periods in Ms. Burton's prenatal, labor and delivery, and postpartum care, and K.B.'s neonatal care. For example, there were nurses at Ms. Burton's bedside who were employees of Phoebe Sumter and

7

were working actively alongside employees of Americus OBGYN during Ms. Burton's labor and delivery. Medical records reveal that the delivering providers, who were employees of Americus OBGYN (Dr. Healey and Nurse Settle), were assisted by Nurse Crimmins, Nurse Collier, Nurse Lumpkin (all Phoebe Sumter employees). Other medical providers were also involved in Ms. Burton's labor and delivery including Dr. Heeb, Nurse Murray, Dr. Stevens, and Nurse Thomas—all Phoebe Sumter employees.

In short, the care provided by the State Court Defendants is at the very crux of this litigation. The providers from Americus OBGYN, Phoebe Sumter, and Phoebe Putney were working together seamlessly as "active participants" throughout Ms. Burton's care. The providers should not be separated into different lawsuits based on the same set of facts. Americus OBGYN, Phoebe Sumter, and Phoebe Putney are deeply interconnected in the facts and allegations underlying Ms. Burton and K.B.'s care. All of the defendants should be in one lawsuit with Plaintiffs so that the Court can justly and equitably determine whether there is fault and, if so, where that fault may lie.

Additionally, not only are the State Court Defendants "active participants" for purposes of the facts of this case, but they are also active participants in the procedural history and legal theories. Critically, Plaintiffs relied on representations made by the State Court Defendants to avoid the statute of limitations under the FTCA. Plaintiffs claimed that their injuries were "not reasonably knowable" to them at the time of delivery because Ms. Burton's treating physicians at Phoebe Putney told her that K.B.'s breathing trouble was normal. Ms. Burton declared under oath that she was "told by [K.B.'s] treating physicians [at Phoebe Putney Memorial Hospital] that K.B. had trouble breathing after

8

birth because he could not clear the fluid from his lungs, and that it was a natural thing that happens in a lot of newborns." ECF No. 10-1 ¶ 7 (stating that she was "told by the physicians [at Phoebe Putney Memorial Hospital] that they suspected that K.B. had an infection and that would cause his seizures"). The Court ultimately found that "[*b*]*ased on the assurances from healthcare providers*, Plaintiffs reasonably did not suspect the cause of their injuries until Burton saw the commercial and spoke to Weinstein." ECF No. 15 at 8 (emphasis added).

The State Court Defendants are "active participants" in the facts and legal theories underlying this litigation. This Court should not let Plaintiffs use the State Court Defendants as their sword and shield—allowing their statements to provide relief from the statute of limitations, but not ultimately join in the same lawsuit for purposes of the United States' liability defense. The factual allegations and legal theories about all of the parties—including the State Court Defendants—are intermingled to such a degree that it is impossible to separate them, which weighs in favor of granting the United States' request to join.

### b. Joinder is warranted based on Georgia's unique apportionment concerns.

When a court decides whether a party is a necessary party under Rule 19, "pragmatic concerns, especially the effect on the parties and the litigation, control." *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) (internal quotation omitted). In this case, there is a core pragmatic concern that justifies joinder: that this Court cannot apportion fault to any non-party, including any of the State

Court Defendants. That pragmatic concern arises from Georgia's apportionment statute and the Georgia Supreme Court's interpretation of the statute in 2021.

To provide more context, Georgia's original apportionment statute, O.C.G.A. § 51-12-33, which was enacted as part of the Tort Reform Act of 2005, seemed to abolish joint and several liability of defendants, in favor of several liability. *See* Ga. L. 2005, p. 1, § 12. In August 2021, however, the Supreme Court of Georgia held that the Georgia apportionment statute did not apply in single-defendant cases—like this case. *See Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295 (Ga. 2021). In response, the Georgia Legislature amended the apportionment statute on May 13, 2022, so that the traditional apportionment framework supporting several liability would apply. That fix, however, did not apply retroactively. Therefore, for cases filed before May 13, 2022, the legislative amendment does not apply, and there is no ability for a court to apportion fault in a single-defendant case—despite the Georgia Legislature's intent to create several liability among tortfeasors.

As a result of *Hatcher*, apportionment is not a defense available to the United States in this single-defendant case. In contrast, in the State Court Case (which is a multi-defendant case), the State Court Defendants *can* file a notice claiming that the United States, as a non-party, is at fault, and the state court can apportion fault among the parties and the United States.

The potential inability of the United States to argue for apportionment is especially striking because, importantly, there is no dispute between the parties that apportionment is a critical issue. Plaintiffs' counsel conceded this point during the December 15, 2022

Scheduling Conference in this case, noting:  "[T]here's probably going to be some apportionment defenses raised in this case. I mean, I would be surprised if not because we've got a lot of different doctors involved in it[.]" ECF No. 23 at 5:7-9. Plaintiff's counsel went on to explain:

> Unfortunately, all of the witnesses, there's not really a way to segregate what witnesses apply to one case as opposed to the other. All of the witnesses – because the doc[tor]s in this case were involved pretty much through the entire delivery – all of the nurses and the other witnesses from the state case are going to have to testify in this case because *they are all pieces of the same puzzle*. The same thing, all the doc[tor]s in this case will have to testify in the state case.

*Id.* at 7:9-16 (emphasis added).

In Plaintiffs' own assessment, apportionment will be a primary point of focus. But, because this case was filed before May 15, 2022, if the federal case proceeds without the State Court Defendants, the United States will be foreclosed from arguing for a reduction in damages based on apportionment under the pre-amended version of the Georgia statute. Pragmatic concerns support applying Rule 19 and joining the State Court Defendants into the federal case to allow all defendants to have an opportunity to raise apportionment defenses in this complex case.

### c. **There is recent Middle District of Georgia precedent that supports joining necessary parties under Rule 19**.

This Court has recently recognized the importance of joining necessary parties in federal litigation due to the apportionment challenges presented by *Hatcher*. In *Erdman v. United States*, this Court recognized that it could not grant complete relief without a necessary party and used Rule 19 to join a party-plaintiff. *See* 3:21-cv-75-CAR, ECF No.

26 (M.D. Ga May 31, 2022) (Royal, J.). In that case, the joined party was deemed to be an "active participant" because he was involved in the events giving rise to the complaint, had an interest in the litigation, and the absence would have a prejudicial effect on the United States' ability to protect its interest. *Id.*

Similarly, in this case, the United States intends to develop facts and testimony to show that the State Court Defendants were "active participants" and that they were negligent in their care and treatment of K.B. and Ms. Burton. Because the United States would be foreclosed from making a successful apportionment argument without joinder of the State Court Defendants, their absence from this litigation would significantly prejudice the United States. Thus, as in *Erdman*, this Court should find that joinder is justified under Rule 19.

## V.   CONCLUSION

Because the State Court Defendants are "active participants" in the events giving rise to Plaintiffs' Complaint and because complete relief in this case cannot be accorded without their joinder, they are necessary party-defendants and should be joined under Federal Rule of Civil Procedure 19(a). This Court has recently recognized the importance of joinder in light of Georgia's pre-amended apportionment statute, and it should apply the same reasoning in this case.

For these critical and pragmatic reasons, the United States respectfully requests that this Court exercise its authority under Rules 19 and 21 and grant the United States' motion to join the State Court Defendants as party-defendants in this federal action—just as they were before.

Respectfully submitted this 3rd day of May, 2023.

PETER D. LEARY
UNITED STATES ATTORNEY

By:   *s/ E. Bowen Reichert Shoemaker*
E. BOWEN REICHERT SHOEMAKER
Assistant United States Attorney
Georgia Bar No. 222443
LANCE SIMON
Assistant United States Attorney
Georgia Bar No. 447643
TODD P. SWANSON
Assistant United States Attorney
Georgia Bar No. 496989
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Bowen.Shoemaker@usdoj.gov
Lance.Simon@usdoj.gov
Todd.Swanson@usdoj.gov