# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

KYDAISHA BURTON, individually and as Mother, Next Friend, and Natural Guardian of K.B., her minor child, and KESHAW CAMPBELL, individually,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 1:21-CV-17 (LAG)

## REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME

Plaintiffs oppose the United States' motion for extension of time, arguing, in essence, that the United States should have filed its joinder motion sooner. But, despite Plaintiffs' argument to the contrary, the United States filed its joinder motion as soon as practicable and, importantly, has kept the Court apprised every step of the way. The United States' joinder motion was filed on May 3, 2023—the day after internal authorization was granted by the Department of Justice's Civil Division in Washington, D.C.—on the date that the United States anticipated in its motion for extension of time. *See* ECF No. 27 at 3 (requesting until May 3, 2023, to file the motion to join). Now, with the motion to join on file, the United States respectfully requests that the Court grant its requested extension and take up the pending motion to join which raises substantive, important issues that require judicial review.

**1. The United States sought a timely extension to its joinder deadline, the joinder motion was filed as soon as practicable, and any alleged neglect is excusable.**

The original joinder deadline (March 24, 2023) was set by the Court in its scheduling order. *See* ECF No. 24 ¶ 1. That deadline was extended by consent of the parties until April 3, 2023. ECF No. 26. When the ten-day extension was granted, what the United States did not anticipate was that additional time would be needed to allow the Department of Justice's Civil Division to grant authorization to bring a motion for joinder of a party defendant. Authorization is required pursuant to 28 C.F.R. § Pt. 0, Subpt. Y, App. Based on undersigned counsel's original reading of that regulation, counsel did not think that approval would be required.[1] To confirm their understanding of the regulation, however, counsel communicated with the Civil Division in March 2023. As a part of those communications, on March 30, the Assistant Director of the Torts Branch, Civil Division, informed counsel that prior authorization *would* be required. This new information was not available to the United States prior to March 30.

Therefore, on March 30, 2023—before the time for filing the joinder motion expired on April 3—the United States filed a good cause motion for extension of time. In its timely motion, the United States sought a modest extension of 30 days to file its joinder motion,

---

[1] Specifically, undersigned counsel is lead counsel in *Erdman v. United States*, a pending case that also involved application of this regulation. See 3:21-cv-75-CAR, ECF No. 26 (M.D. Ga May 31, 2022) (Royal, J.). There, although that claim is in excess of $10 million, the USAO-MDGA was informed by DOJ's Civil Division that AAG authorization was not required to join the party plaintiff. Based on that information, along with the language contained in the regulation, undersigned counsel did not have any information establishing that the regulation applied to joining a party defendant. On March 30, undersigned counsel learned for the first time that the Civil Division believed AAG authorization was necessary for a request to join a party defendant in this case.

requesting up to May 3, 2023, to obtain the requisite authorization and file its motion. The motion was made for good cause and was filed as soon as practicable.

To the extent that Plaintiffs argue the United States engaged in neglect, it is excusable. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Notably, Rule 6(b) specifically applies to situations where a motion for extension is made "after the time has expired," which is not the case here. To the contrary, in this case, the United States moved *before* the expiration of the deadline and even sought Plaintiffs' consent prior to filing. *See* ECF No. 27. The United States discusses Rule 6(b) only to demonstrate that, even if there was neglect—which it does not concede—it is excusable and should not weigh against granting the motion for extension of time.

Courts apply a "flexible understanding" of excusable neglect to allow late filings caused by inadvertence, mistake, or intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). The Supreme Court has concluded that the determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. "To determine whether a party has established excusable neglect, courts consider the danger of prejudice to the nonmovant if the deadline is extended, the length of the delay involved and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Mouzin Bros. Farms, LLC v. Dowdy*, No. 7:20-CV-

3

197 (TQL), 2022 WL 10208214, at *2 (M.D. Ga. Oct. 17, 2022). Lack of prejudice and efficient judicial administration are accorded primary importance. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). In this case, the excusable neglect factors favor granting the United States' request for an extension.

First, and most critically, as a practical matter, the 30-day delay in filing the joinder motion has not and will not prejudice Plaintiffs. Fact discovery has been open for months and little substantive discovery has occurred. No depositions have been noticed or even discussed informally. Though Plaintiffs argue that they have served written discovery that is "tailored to the parties who would be a part of the case" (ECF No. 28 at 5), discovery is not so far progressed that there will be any prejudice to Plaintiffs if the joinder motion is allowed to stand. The United States served interrogatories and requests for production on March 27, 2023. Plaintiffs served interrogatories and requests for production on April 7, 2023, but Plaintiffs' requests for production included 62 requests—far in excess of the limitation allowed in the Local Rules. Plaintiffs withdrew those requests on April 15, 2023, in light of the limitation on requests in Local Rule 34. At that time, Plaintiffs stated an intent to re-serve requests for production in accordance with the Local Rules but, as of the date of filing, no new requests have been served.

Another excusable neglect factor is whether the United States is acting in good faith, which it is. Joinder is of critical importance in this case because of nuanced and Georgia-specific issues related to apportionment. As explained more fully below, apportionment has been a known issue in this litigation for months and the United States has made no effort to hide its intent to move for joinder. Any delay in filing the joinder

4

motion is based solely on its prior interpretation of the relevant regulations regarding requisite authorization from the Civil Division. *See supra* n.1. Further, the length of the delay is minor—thirty days—and was narrowly tailored to meet the needs of the United States while reducing significant impact on the overall litigation.

The United States meets the excusable neglect standard because it learned of unexpected delay on March 30, 2023, and, on that same day, the United States filed its motion for extension of time *before* the deadline expired. The joinder motion will not negatively impact any discovery that has already occurred (which is very little), and the parties will be able to continue with discovery without prejudice moving forward.

> 2. **Apportionment comes as no surprise.**

Though Plaintiffs take issue with the timing, the United States' motion to join did not come as a surprise. In fact, the parties have been discussing apportionment since their scheduling conference with the Court on December 15, 2022. At that time, counsel for Plaintiffs noted that "there's probably going to be some apportionment defenses raised in this case. I mean, I would be surprised if not because we've got a lot of different doctors involved in it[.]"ECF No. 23 at 5:7-9. Plaintiffs' counsel explained:

> Unfortunately, all of the witnesses, there's not really a way to segregate what witnesses apply to one case as opposed to the other. All of the witnesses – because the doc[tor]s in this case were involved pretty much through the entire delivery – all of the nurses and the other witnesses from the state case are going to have to testify in this case because *they are all pieces of the same puzzle*. The same thing, all the doc[tor]s in this case will have to testify in the state case.

*Id*. at 7:9-16 (emphasis added). In Plaintiffs' own assessment, apportionment has long been known to be an issue that would be a primary point of focus in the litigation.

Joinder is also an issue that the United States affirmatively brought up to the Court. At the December 15, 2022, scheduling conference, counsel for the United States specifically noted:

> But one thing that I wanted to tell the Court and just be up front about is, you know, to the extent that the government believes that it makes sense for all of the parties to be together back in the federal courthouse, we were, before, we were looking at our options on joinder, because, as you saw, we have a deadline on joinder in there, and Mr. Stone mentioned, you know, starting with discovery and sort of getting off to the races. And I think that's prudent, but I just wanted to note for the Court that that is something that we're looking at. And I don't want the Court to be blindsided, you know, by that as we're looking through and factoring in, you know, operating in two forums but then actually coming together and having a time frame that's not reasonably calculated for that, you know, contingency.

ECF No. 23 at 17:24-18:12. The Court thanked counsel for flagging the possibility of joinder, and went on to expressly recognize how joinder might be more efficient, noting that "[c]ertainly, I think, you know, efficiency's sake speaks towards joinder, but, again, you know, if you want to have parallel cases, you want to have two bites of the apple, I can't say that that's not appropriate unless the rules say it." ECF No. 23 at 19:1-4. Now, after assessing the case-specific factors, the United States has moved for joinder because, as the Court predicted, "two bites of the apple" is not appropriate.

As explained in the United States' joinder motion (ECF No. 30), bringing in the State Court Defendants into the federal suit is warranted because: (1) they are "active participants" in the facts underlying the federal case, (2) there are unique conditions under Georgia law that support joinder as a pragmatic remedy to ensure complete relief, and (3) this Court has recently used joinder in a similar way and should do so again here.

6

As to being "active participants," the factual allegations and legal theories of the parties (including Americus OBGYN, the State Court Defendants, and Plaintiffs) are intermingled to such a degree that it is impossible to separate them. As explained more fully in the United States' Motion to Join (ECF No. 30), the care provided by the State Court Defendants is at the very crux of this litigation because the actions and inactions of all of the parties were woven together seamlessly during the course of K.B.'s and Ms. Burton's care. Further, Plaintiffs relied heavily on statements made by the State Court Defendants to avoid the two-year statute of limitations under the FTCA, demonstrating the degree to which the legal theories and defenses are interwoven in this case. Thus, the State Court Defendants are "active participants" who should be joined into this case.

Additionally, the interwoven nature of the facts and law cannot be properly addressed without joinder because of a unique wrinkle in Georgia apportionment law. Georgia's original apportionment statute, O.C.G.A. § 51-12-33, which was enacted as part of the Tort Reform Act of 2005, seemed to abolish joint and several liability of defendants, in favor of several liability. *See* Ga. L. 2005, p. 1, § 12. In August 2021, however, the Supreme Court of Georgia held that the Georgia apportionment statute did not apply in single-defendant cases—like this case. *See Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 862 S.E.2d 295 (Ga. 2021). In response to *Hatcher*, the Georgia Legislature amended the apportionment statute on May 13, 2022, so that the traditional apportionment framework supporting several liability would apply. That fix, however, did not apply retroactively. Therefore, for cases filed before May 13, 2022, the legislative amendment does not apply, and there is no ability for a court to apportion fault in a single-defendant

7

case—despite the Georgia Legislature's clear intent to create several liability among tortfeasors. As a result of *Hatcher*, apportionment is not a defense available to the United States in this case because Plaintiffs have chosen to file as a single-defendant case (even though their Complaint demonstrates the interwoven nature of the facts related to multiple defendants). Without judicial intervention, significant prejudice will be borne by the United States as a result of this wrinkle in Georgia apportionment law.

Finally, as explained in the United States' motion to join (ECF No. 30), this Court has recently recognized the importance of joining necessary parties in federal litigation due to the apportionment challenges presented by *Hatcher*. Specifically, in *Erdman v. United States*, this Court recently recognized that it could not grant complete relief without a necessary party and used Rule 19 to join a party-plaintiff so that it could apportion damages accordingly. *See* 3:21-cv-75-CAR, ECF No. 26 (M.D. Ga May 31, 2022) (Royal, J.). As in that case, joinder is appropriate here, and the Court should exercise its discretion and join the State Court Defendants in this litigation.

**3.    Conclusion**

The United States' joinder motion is critical to the case, and there are justifiable, good faith reasons for the request for a 30-day extension in filing. Thus, despite Plaintiffs' objections, the short 30-day extension requested by the United States to receive internal DOJ authorization is justified, and, to the extent necessary, meets muster under the excusable neglect standard. The joinder motion is already on file (ECF No. 30), and there is no prejudice to Plaintiffs by allowing the joinder motion to undergo substantive review by the Court. The United States' motion for extension should be granted.

Respectfully submitted this 8th day of May, 2023.

                        PETER D. LEARY
                        UNITED STATES ATTORNEY

          By:    *s/ E. Bowen Reichert Shoemaker*
                        E. BOWEN REICHERT SHOEMAKER
                        Assistant United States Attorney
                        Georgia Bar No. 222443
                        LANCE SIMON
                        Assistant United States Attorney
                        Georgia Bar No. 447643
                        TODD P. SWANSON
                        Assistant United States Attorney
                        Georgia Bar No. 496989
                        UNITED STATES ATTORNEY'S OFFICE
                        Post Office Box 1702
                        Macon, Georgia 31202-1702
                        Telephone: (478) 752-3511
                        Bowen.Shoemaker@usdoj.gov
                        Lance.Simon@usdoj.gov
                        Todd.Swanson@usdoj.gov