IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| KYDAISHA BURTON, individually and as Mother, Next Friend, and Natural Guardian of K. B., her minor child, and KESHAWN CAMPBELL, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:21-CV-17 (LAG) |

**PLAINTIFFS' MOTION TO STRIKE UNITED STATES' MOTION TO JOIN PARTY DEFENDANTS AND MEMORANDUM IN SUPPORT (ECF No. 30)**

COME NOW PLAINTIFFS, Kydaisha Burton, individually, and as mother, next friend, and natural guardian of her minor son, K.B., and Keshawn Campbell, individually, and for their Motion to Strike United States' Motion to Join Party Defendants and Memorandum in Support ("Motion to Join")(ECF No. 30), submit the following documents and make the following argument:

The Court should grant Plaintiffs' motion and strike United States' ("USA") Motion to Join Party Defendants and Memorandum in Support ("Motion to Join") because: 1) that document was filed without leave of Court after the deadline of April 4, 2023 set by Order of March 20, 2023 (ECG No. 26); 2) that document was filed before the Court has ruled on USA's Motion for Extension of Time (ECG No. 27); and 3) USA's filing of the Motion to Join has prejudiced Plaintiffs as they are required to file a Response within 21 days under Local Rule 7.2 to a motion that USA does not have permission to file to begin with from the Court.

**Statement of Material Facts**

1

1.  The Minor-Plaintiff K.B. was born on October 22, 2017 at Phoebe Sumter Memorial Hospital ("Phoebe Sumter"), located in Americus, Georgia. (ECF No. 3, ¶ 2).

2.  Minor-Plaintiff K.B. is the son of plaintiffs, Kydaisha Burton and Keshawn Campbell. (ECF No. 3, ¶ 3).

3.  Plaintiffs submitted three separate Notices of Claim to the Department of Health and Human Services ("HHS") on or about June 9, 2020. (ECF No. 3-1, Copies of the Letter submitting and Notices of Claim for Kydaisha Burton, Keshawn Campbell and the Minor-Plaintiff, K.B.).

4.  Each of the Notices of Claim submitted to HHS disclosed the amount of claim as twenty-five million dollars ($25,000,000.00). (ECF No. 3-1, pp. 7, 13 and 19).

5.  Plaintiffs' filed the instant Complaint on January 21, 2021, alleging claims against Defendant USA pursuant to 42 U.S.C. §233 (g), the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.), and 28 U.S.C. §1346(b)(l). (ECF No. 3, ¶ 25).

6.  Plaintiffs attached to their Complaint their three separate Notices of Claim to HHS as Exhibit 1. (ECF No. 3-1).

7.  Counsel for Plaintiffs and Counsel for USA participated in a FRCP 26(f) conference on November 4, 2022, at which time the issue of joinder of parties and deadlines for such were discussed.

8.  Counsel for Plaintiffs and Counsel for USA participated in a FRCP 16 scheduling conference with this Court on December 15, 2022, at which time the issue of joinder of parties and deadlines for such was discussed.

9.  On November 18, 2022, the parties submitted a Proposed Scheduling and Discovery Order. (ECF No. 24-1). Since counsel for Plaintiffs and counsel for USA could not agree on certain deadlines, proposals for those deadlines from each party were submitted in the order for the Court's consideration. (ECF No. 24-1, pp. 4-6). In its proposed schedule, USA requested February 16, 2023 as the deadline for Motions to amend the pleadings or join parties.

10. On February 24, 2023, the Court entered its Scheduling and Discovery Order (ECF No. 24). The Scheduling and Discovery Order set a deadline of March 24, 2023 for motions seeking to amend the pleadings or join parties. (ECF No. 24, p. 1).

11. On March 20, 2023, the Court granted the Parties' Consent Motion for Extension of Time, extending the deadline for motions seeking to amend the pleadings or join parties until April 4, 2023.

12. On March 30, 2023, USA requested another 30 day extension of the deadline to file motions seeking to amend the pleadings or join parties through its Motion for Extension of

Time (ECG No. 27). Plaintiffs filed their Response in Opposition to the Motion for Extension of Time on April 10, 2023 (ECG No. 28).

13. On April 19, 2023, USA filed its Request for Local Rule 6.2 Clerk's Extension to file its Reply to the Motion for Extension of Time (ECF No. 29). The Clerk granted that request on April 19, 2023, extending the date for the Reply until May 8, 2023.

14. On May 3, 2023, after the Court's April 4, 2023 deadline and prior to the Court ruling on USA's Motion for Extension of Time, USA filed its Motion to Join (ECF No. 30).

15. On May 4, 2023, counsel for Plaintiffs emailed counsel for USA and requested that they withdraw the Motion for Joiner because it was filed after the deadline and before the Court had granted the Motion for Extension. Plaintiffs' counsel also objected that the USA's filing would require Plaintiffs to file a Response to a document which the Court had not in fact allowed to even be filed yet. Counsel for USA refused to withdraw the Motion to Join. (Emails of May 4, 2023, attached as Exhibit A).

16. On May 5, 2023, counsel for Plaintiffs and counsel for USA conferred by phone on the issue of the Motion to Join, but no resolution could be reached.

17. On May 8, 2023, USA filed its Reply in Support of the Motion for Extension. (ECF No. 31).

**Argument**

**I.    USA's Motion to Join was filed without leave of Court after the deadline of April 4, 2023 set by the Court's Order of March 20, 2023.**

Defendant USA filed its Motion to Join on May 3, 2023 without proper purpose. Counsel for USA have not and cannot deny that they filed the Motion to Join after the deadline of April 4, 2023 for doing so. The Court's Orders are not mere suggestions that can be ignored by counsel when they fail to meet the deadlines set forth therein. Further, USA has already had over two years since Plaintiffs filed their Complaint on January 21, 2021 (ECF No. 3) to file a motion to join a third party in this case. Since USA can provide no legitimate reason why they ignored the Court's Order in this matter and filed their Motion to Join past the April 4th deadline, the Court should strike the Motion to Join.

**II.   USA's Motion to Join was filed before the Court has ruled on USA's Motion for Extension of Time (ECG No. 27).**

Counsel for USA clearly recognized that they did not have the right to file their Motion to Join in this matter without leave of Court since they filed their Motion for Extension of Time on March 30, 2023 asking for that very relief. (ECF No. 27). USA did not attach its Motion to Join as an exhibit to the Motion for Extension of Time. Rather, counsel for USA simply filed it on May 3, 2023, as if the Court had already ruled on their Motion for Extension of Time. USA's presumptive filing of its Motion to Join on May 3, 2023 was improper. It is axiomatic that when you do not know that you don't have the right to file a document and have asked the Court's permission to do so, you should wait until the Court grants that permission before actually filing the document. Because counsel for USA knew that it required the Court's permission to file their Motion to Join, but ignored that requirement and filed their motion without permission anyway, the Court should strike USA's Motion for Joinder.

**III.    USA's filing of the Motion to Join has prejudiced Plaintiffs**

By filing its Motion to Join, USA has prejudiced Plaintiffs as they are required to file a Response to that motion within 21 days under Local Rule 7.2, even though USA does not have the right or authorization to file the motion. By refusing to follow proper procedures of this Court in regards to its Motion to Join, USA has put Plaintiffs in the untenable situation of having to respond to a motion which Plaintiffs have already argued that USA has no right to file in the first instance and which, depending on the Court's ruling on the Motion for Extension, Plaintiffs may never have to address. Since USA can demonstrate no proper purpose for filing the Motion to Join after the Court's deadline and without leave, the Court should not sanction USA's refusal to follow proper procedure regarding that filing. Instead, the Court should strike the Motion to Join so that Plaintiffs do not have to file a Response by May 24, 2023.

In the alternative, should the Court decide not to strike USA's Motion to Join, Plaintiffs request that the Court enter an order that Plaintiffs not be required to file a Response to that motion until and if the Court grants the Motion for Extension.

*Conclusion*

For the reasons stated herein, this Court should strike Defendant USA's Motion to Join (ECF No. 30).

This 9th day of May, 2023

                                            Attorneys for Plaintiff:
                                            GRANT & EISENHOFER P.A.

                              By: *s/Edward J. Aucoin, Jr.*
                                              Lisa B. Weinstein \*\*
                                              IL State Bar No. 6290253
                                              Edward J. Aucoin, Jr.\*\*
                                              IL State Bar No. 6236645

30 N. LaSalle St., Suite 2350
Chicago, IL 60602
(312) 610-5350
L. Weinstein Email: lweinstein@gelaw.com
E. Aucoin Email: eaucoin@gelaw.com
\*\*Admitted Pro Hac Vice

                                            William S. Stone
                                            Georgia Bar No. 684636
                                            The Stone Law Group Trial Lawyers, LLC

5229 Roswell Road NE
Atlanta, GA 30342
404-436-2766
W. Stone Email: billstone@stonelaw.com