IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

KYDAISHA BURTON, individually and as Mother, Next Friend, and Natural Guardian of K.B., her minor child, and KESHAWN CAMPBELL, individually,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 1:21-CV-17 (LAG)

## RESPONSE TO PLAINTIFFS' MOTION TO STRIKE

Plaintiffs Kydaisha Burton, individually, and as mother, next friend, and natural guardian of her minor son, K.B., and Keshawn Campbell, individually, filed a motion on May 9, 2023, asking the Court to strike the joinder motion filed by the United States on May 3, 2023. But Plaintiffs have no legal support for their motion. In fact, a quick scan of Plaintiffs' motion reveals no citation to any case, statute, or regulation supporting their request to strike the United States' joinder motion. As explained below, Plaintiffs' Motion to Strike (ECF No. 32) should be denied. The United States' Motion for Joinder (ECF No. 30) should not be stricken and should instead be considered on the merits.

### FACTUAL BACKGROUND

The United States generally agrees with the facts as set forth by Plaintiffs in their motion (taking exception primarily with Plaintiffs' characterization of counsel's actions in paragraph 15). *See* ECF No. 32 at 2-3. Thus, the parties are largely in agreement as to

the factual events leading up to Plaintiffs' motion. The parties disagree, however, about whether Plaintiffs' Motion to Strike is appropriate under the circumstances.

## LEGAL ARGUMENT

### 1. The Motion to Strike may be moot.

As an initial matter, before the Court even reaches Plaintiffs' Motion to Strike, it should consider the United States' pending Motion for Extension of Time (ECF No. 27). In that extension motion, which was filed on March 30, 2023, the United States requested a good cause extension of time to extend its deadline for filing a joinder motion. *See* ECF No. 27. In its request for an extension (which was filed before the deadline expired), the United States sought a modest 30-day extension to file for joinder, requesting up to May 3, 2023, to obtain the requisite authorization from the Department of Justice's Civil Division pursuant to 28 C.F.R. § Pt. 0, Subpt. Y, App. On May 3, 2023—the date contemplated in the extension motion—the United States filed its Motion to Join.

In their Motion to Strike, Plaintiffs argue that the "USA can provide no legitimate reason why they ignored the Court's Order in this matter and filed their Motion to Join past the April 4th deadline." ECF No. 32 at 3. But, contrary to Plaintiffs' statement, the United States explained in great detail why it filed on the date it did. Specifically, as the United States explained in its reply, (1) it sought a timely extension to its joinder deadline, (2) the joinder motion was filed as soon as practicable, (3) any alleged neglect is excusable, and (4) the joinder motion came as no surprise. *See generally* ECF No. 31.

Importantly, if the United States' Motion for Extension of Time is granted, then Plaintiffs' Motion to Strike is moot. Thus, the United States incorporates into this response

its motion and reply in support of the Motion for Extension of Time (ECF Nos. 27, 31) and respectfully requests that the Court grant its motion for 30 additional days to file the joinder motion, which will moot Plaintiffs' Motion to Strike entirely.

2. **Plaintiffs' Motion to Strike should be denied because it is an improper vehicle to challenge the United States' joinder motion.**

If the Court denies the United States' Motion for Extension of Time (ECF No. 27), then the Court may reach the merits of Plaintiffs' Motion to Strike (ECF No. 32). But even if it considers the merits of the Motion to Strike, the motion should still be denied because it is not the proper procedural vehicle to challenge a pending motion.

Motions to strike[1] are governed by Federal Rule of Civil Procedure 12(f), which explicitly states that the object to be stricken must be contained in a "pleading." *See* Fed. R. Civ. P. 12(f) (providing that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Under the Federal Rules, a "pleading" includes a complaint, an answer, a third-party complaint, an answer to a third-party complaint, or a court-ordered reply to an answer. *See* Fed. R. Civ. P. 7(a). Using Rule 7's definition, the United States' Motion for Joinder is decisively not a "pleading" that can be struck under Rule 12(f). *See Get Me Mears, Inc. v. Cloud Performer, Inc.*, No. 1:20-CV-1006-MLB, 2022 WL 2784759, at *1 (N.D. Ga. Jan. 5, 2022) (declining to strike certain docket entries that were not pleadings); *see also Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1344 (N.D. Ga. 2013) (recognizing that "[t]he Court has

---

[1] Motions to strike are "generally disfavored" and have been described as "time wasters." *Sun Am. Bank v. Fairfield Fin. Servs., Inc.*, No. CIV.A. 5:08CV341 CAR, 2010 WL 554029, at *1 (M.D. Ga. Feb. 9, 2010).

repeatedly explained that a motion to strike is not the proper vehicle for challenging matters not contained in the pleadings, which Fed. R. Civ. P. 7(a) defines to include complaints, answers[,] and court-ordered replies to answers, but not briefs or supporting exhibits" (emphasis added)). Numerous courts in the Eleventh Circuit have held that a motion to strike a filing that is not a pleading as defined by Rule 7(a) is improper. *See Kahama VI, LLC v. HJH, LLC*, No. 8:11-CV-2029-T-30TBM, 2014 WL 3721298, at *1 (M.D. Fla. July 28, 2014) (collecting cases); *see also Polite v. Dougherty Cnty. Sch. Sys.*, No. 1:05-CV-174 (WLS), 2007 WL 1231705, at *1 (M.D. Ga. Apr. 24, 2007) (denying motion for reconsideration on the denial of a motion to strike, finding that "[i]n this circuit, the use of a rule 12(f) motion for the advancement of objections is generally considered improper"); *Martin v. Cooper Tire & Rubber Co.*, No. 1:09-CV-86 (WLS), 2010 WL 11519150, at *2 (M.D. Ga. Nov. 4, 2010) (denying motion to strike and noting that the "attempt at aiming a Motion to Strike at a non-pleading is not allowed under the Federal Rules").

Thus, Plaintiffs' request to strike the United States' joinder motion should be denied because the motion is not a "pleading." A motion to strike is not the proper vehicle to strike a pending motion, and the motion to strike should be denied on that ground.

   **3. To the extent Plaintiffs' Motion to Strike is construed as an objection, that objection should be considered with the joinder motion.**

Where a Rule 12(f) motion to strike is improperly directed towards a non-pleading, a court may consider it as an objection. *See Addison v. Ingles Markets, Inc.*, No. 3:11-CV-3 CAR, 2012 WL 3600844, at *2 (M.D. Ga. Aug. 21, 2012), *aff'd,* 515 F. App'x 840 (11th Cir. 2013) (citing *Ross v. Corp. of Mercer Univ.*, 506 F.Supp.2d 1325, 1333 (M.D. Ga. 2007)).

In this case, to the extent that the Court construes Plaintiffs' Motion to Strike as an objection to the United States' Motion to Join, the United States respectfully requests that the Court allow substantive briefing on the joinder motion so that the Court can fully evaluate the merits of the motion and consider whether Plaintiffs are, in fact, prejudiced, as they argue in their Motion to Strike. *See McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003) (denying a motion to strike and recognizing that "[i]t is well established that it is sufficient for the party opposing the motion to register its objection … by way of the material submitted in opposition to the motion. The court will then implicitly, if not explicitly, rule upon [the] objections in its consideration of the motion.") (internal quotations omitted); *see also Haynes v. Twin Cedars Youth & Fam. Servs., Inc.*, No. 5:10-CV-321 CAR, 2012 WL 895699, at *5 (M.D. Ga. Mar. 15, 2012) (recognizing that it is more appropriate to consider a party's objections when ruling on the merits of a motion than granting a motion to strike).

For the reasons stated above, the United States' respectfully requests that the Court deny Plaintiffs' Motion to Strike and substantively consider the United States' Motion to Join on the merits.

Respectfully submitted this 30th day of May, 2023.

> PETER D. LEARY
> UNITED STATES ATTORNEY
>
> By:    *s/ E. Bowen Reichert Shoemaker*
>         E. BOWEN REICHERT SHOEMAKER
>         Assistant United States Attorney
>         Georgia Bar No. 222443
>         LANCE SIMON
>         Assistant United States Attorney

                    Georgia Bar No. 447643
                    TODD P. SWANSON
                    Assistant United States Attorney
                    Georgia Bar No. 496989
                    UNITED STATES ATTORNEY'S OFFICE
                    Post Office Box 1702
                    Macon, Georgia 31202-1702
                    Telephone: (478) 752-3511
                    Bowen.Shoemaker@usdoj.gov
                    Lance.Simon@usdoj.gov
                    Todd.Swanson@usdoj.gov