IN THE UNITED STATES DISTICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| KYDAISHA BURTON, individually and as Motion, Next Friend, and Natural Guardian of K.B., her minor child and KESHAW CAMPBELL, individually,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant, | *<br>*<br>*<br>*<br>*   CA NO. 1:21-CV-17 (LAG)<br>*<br>*<br>* |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
UNITED STATES MOTION TO JOIN PARTIES**

Plaintiffs file this response in opposition to Defendant's motion to join party defendants, showing the court it should be denied for the following reasons:

**1.    The motion fails to state legal or factual grounds upon which involuntary joinder of additional defendants can be granted.**

This is going to be a really brief response.  Attached is the Georgia Court of Appeals recent decision in *Deaton Holdings, Inc. v. Reid*, 367 Ga. App. 746 (May 26, 2023), attached as Exhibit 1, which holds:

    1.    Joint tortfeasors are not necessary or indispensable parties in a tort case

1

under Georgia law, O.C.G.A. § 9-11-19(a),[1] in a case brought against one of them.  *Id.* at 749.

2. In a case filed against a single defendant prior to May 13, 2022, there can be no apportionment.  That does not mean the single defendant has no complete remedy because if found liable to the Plaintiffs the defendant has a right to contribution under OCGA § 51-12-32 if apportionment under OCGA § 51-12-33 does not apply. *Id.* at 747-748.

3. A plaintiff cannot be forced to sue additional joint tortfeasors beyond those he/she elected to name in his/her complaint. *Id.* at 749, citing See *Sloan v. Southern Floridabanc Fed. Sav. & Loan Assn.*, 197 Ga. App. 601, 602 (1) (1990). [2]

---

[1] O.C.G.A. § 9-11-19(a) is substantially identical in all material respects to Fed.R.Civ.P. 19(a).

[2] "It is clear under Georgia law that O.C.G.A. § 9-11-19 has no application where liability is joint and several[,] and the plaintiff has a right of election as to which defendants plaintiff will proceed against." *Id*.

"Under generally accepted principles of tort law, the liability of joint tortfeasors is both joint and several. The 1966 amendment of Federal Rule of Civil Procedure 19 does not alter the long standing practice of not requiring the addition of joint tortfeasors. Thus, plaintiff may sue one or more of them without joining the others." Federal Practice and Procedure, § 1623 (3d ed. Westlaw Precision).

"It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. ... The Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.'" *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S. Ct. 315, 316 (1990); See *McCain v. Clearview*

4.   The complaint alleges that the injuries to Kydaisha and K.B. were caused by the multiple tortious acts and omissions of all the deemed employees of the United States and all the Phoebe parties, and there is no rational basis for apportionment of fault that caused indivisible injuries. So, joining the Phoebe parties as defendants in this action does not guarantee the United States will succeed in submission of an apportionment claim for decision by the trier of fact, which would be the court so far as the United States is concerned, but a jury so far as the Phoebe parties are concerned if they demand a jury trial, much less a verdict. On the other hand, contribution is automatically calculated by prorating the liability equally among the joint tortfeasors and proof of rational basis for apportionment is not an element of the contribution claim. *Deaton Holdings, supra* at 748-749.

Under *Deaton Holdings, Sloan, Temple, McCain,* and *Lyons,* the Defendant's motion is due to be denied.

**2.   Joining the Phoebe parties as defendants would only complicate this case further for no reason.**

First, the Plaintiff Kydaisha Burton presented to Americus OB-GYN on May 19, 2017, for her first prenatal visit of her pregnancy with the minor child, K.B. K.B.

---

*Dodge Sales, Inc.*, 574 F.2d 848 (5th Cir. 1978). *McCain* is binding precedent in the 11th Circuit, see *Lyons v. O'Quinn*, 607 F. App'x 931, 935 (11th Cir. 2015).

3

was born on October 22, 2017, at Phoebe Sumpter Medical Center, and remained an inpatient at Phoebe Putney Memorial Hospital until November 24, 2017.  Kydaisha remained an inpatient at Phoebe Putney Memorial Hospital until October 27, 2017.  All acts of malpractice causing injury to Kydaisha and K.B occurred prior to November 24, 2017.  That is more than 5 years ago.  Kaisha's claims asserted now in a separate lawsuit from the Dougherty County action would be abrogated and barred by the 5-year malpractice statute of repose so that her action in this court against the Phoebe parties could not be maintained and would be subject to dismissal with prejudice.  O.C.G.A. § 9-3-71(b); *Smith v. Kayfan*, 364 Ga. 651, 654 (2022).  A dismissal with prejudice in this court might have the effect of causing a dismissal with prejudice in the state court because of the rule of priority of adjudication – both cases continue on parallel tracts until the one is the first to be adjudicated.  That would be grossly unfair to Kydaisha and K.B.  Further, with all causes of action against the Phoebe parties dismissed with prejudice, United States' apportionment claim would also likely fail.

Second, the case progression schedule this court has set will have to be modified substantially to accommodate the Phoebe parties' right and need to obtain their necessary discovery.

There is nothing to be gained by joining the Phoebe parties as defendants, even if they could be under Fed.R.Civ.P. 19(a), which the United States Supreme

4

Court, the Eleventh Circuit Court of Appeals, and the Georgia Court of Appeals all agree cannot be forced on the Plaintiffs.

For all these reasons, the motion for joinder should be denied.

This 8th day of August 2023.

                                      Attorneys for Plaintiffs

                                      **STONE LAW GROUP –**
                                            **TRIAL LAWYERS, LLC**
                                      *s/William S. Stone*
                                      William S. Stone
                                      Georgia State Bar No. 684636
                                      James W. Stone
                                      Georgia State Bar No. 328708

5229 Roswell Road NE
Atlanta, GA 30342
404-436-2766
billstone@stonelaw.com
james@stonelaw.com

                                      GRANT & EISENHOFER P.A.
                                      Lisa B. Weinstein **
                                      Pro Hac Vice IL State Bar No. 6290253
                                      Edward J. Aucoin, Jr. **
                                      Pro Hac Vice IL State Bar No. 6256645

30 N. LaSalle St., Suite 2350
Chicago, IL 60602
(312) 610-5350
lweinstein@gelaw.com
eaucoin@gelaw.com

## CERTIFICATE OF SERVICE

I have served this response on all counsel of record *via* the Court's CM/ECF system.

This 8th day of August 2023.

*s/William S. Stone*
William S. Stone