IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

KYDAISHA BURTON, individually and                :
as Mother, Next Friend, and Natural              :
Guardian of K.B., her minor child, and           :
KESHAWN CAMPBELL, individually,                  :
                                                 :
          Plaintiffs,                            :          CIVIL ACTION NO.
                                                 :          1:21-CV-00017-LAG
v.                                               :
                                                 :
UNITED STATES OF AMERICA,                        :
                                                 :
          Defendant.                             :
_____         :
                                                 :
UNITED STATES OF AMERICA,                        :
                                                 :
          Third-Party Plaintiff,                 :
                                                 :
v.                                               :
                                                 :
PHOEBE PUTNEY HEALTH SYSTEM,                      :
INC., d/b/a Phoebe Sumter Medical Center,        :
d/b/a Phoebe Putney Memorial Hospital,           :
and d/b/a Phoebe Neonatology; PHOEBE             :
SUMTER MEDICAL CENTER, INC.,                     :
PHOEBE PUTNEY MEMORIAL                           :
HOSPITAL, INC., d/b/a Phoebe Memorial            :
Hospital, and d/b/a Phoebe Neonatology;          :
JACK D. OWENS, M.D.; SIRLENA E.                  :
BROWN, N.P.; and FLEMING                         :
BURROUGHS, M.D.,                                 :
                                                 :
          Third-Party Defendants/                :
          Counterclaimants.                      :

**THIRD-PARTY DEFENDANTS'**
**MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COME NOW, Defendants Phoebe Putney Health System, Inc., Phoebe Sumter Medical

Center, Inc., Phoebe Putney Memorial Hospital, Inc., Jack D. Owens, M.D., Sirlena E. Brown,

N.P., and Fleming Burroughs, M.D. (collectively, "Third-Party Defendants"), subject to their Counterclaims filed on July 8, 2024 (Doc. 54) and re-stated contemporaneously herewith,[1] and make this limited special appearance for purposes of filing their Motion to Dismiss, and show the Court as follows:

## I.    BACKGROUND

On October 22, 2019, Kydaisha Burton filed suit in the Superior Court of Dougherty County, Georgia with respect to injuries allegedly caused to her and her infant son, Kyrie Burton, during the course of "intrapartum, postpartum, and neonatal medical and hospital care, services, and treatment." *See Burton v. Phoebe Putney Mem'l Hosp., Inc., et al.*, SUCV2019001379, in the Superior Court of Dougherty County, Georgia ("Superior Court Case").[2] The named defendants were:

PHOEBE-AFFILIATED DEFENDANTS [3]

- Phoebe Putney Memorial Hospital, Inc. ("PPMH") d/b/a Phoebe Memorial Hospital & Phoebe Neonatology
- Phoebe Sumter Medical Center, Inc. ("PSMC")
- Phoebe Putney Health System, Inc. d/b/a PSMC, d/b/a PPMH, and d/b/a Phoebe Neonatology

---

[1]   The United States did not file a response to the Third-Party Defendants' Counterclaims. If the failure to respond is tantamount to an admission of the allegations in the Counterclaims, the Third-Party Defendants would be entitled to the relief requested therein, and this Motion to Dismiss would have to be granted as a matter of law.

[2]   The Eleventh Circuit Court of Appeals has previously affirmed this Court's consideration with respect to a motion to dismiss of filings in a related state court case, without said consideration converting the motion to dismiss into a motion for summary judgment. *See Overstreet v. Worth County, Ga.*, 2022 WL 4007460, *3-4 (11th Cir. Sept. 2, 2022). Additionally, the United States has incorporated the pleadings in the Superior Court Case into its Amended Third-Party Complaint, providing an additional basis for the Court to consider those filings without converting this Motion to a summary judgment motion. *See Julmist v. Prime Ins. Co.*, 92 F4th 1008, 1016 (11th Cir. 2024).

[3]   The "Phoebe-Affiliated Defendants" are the same persons and entities as the "Third-Party Defendants" herein. As noted elsewhere herein, however, Phoebe Putney Health System, Inc. does not "do business as" any of the listed entities.

- Jack Owens, M.D.
- Sirlena Brown, N.P.
- Fleming Burroughs, M.D.

FEDERAL-PHS AFFILIATED DEFENDANTS

- CareConnect Health, Inc. d/b/a Americus OBGYN
- Ajay Gehlot
- Ashley Wilson, C.N.M.
- Crystal Settle, C.N.M.
- Kenneth Healey, M.D.

On November 14, 2019, the U.S. Attorney for the Middle District of Georgia filed a *Notice to Superior Court Pursuant to 42 U.S.C. § 233(l)(1)* advising the Court that "whether CareConnect Health, Inc., is deemed to be an employee of the federal Public Health Service ("Federal PHS") for purposes of 42 U.S.C. § 233 with respect to acts or omissions of the above captioned action is under consideration." On November 22, 2019, the Federal PHS-Affiliated Defendants filed in the Superior Court Case their *Defendants' Collective Answer to Plaintiff's Complaint by Special Appearance Only*, contesting venue and demanding application of the Federal Tort Claims Act ("FTCA") as to said defendants.[4]

On or about December 4, 2019, Kydaisha Burton filed her *Complaint for Damages – Amendment 1* (to wit: First Amended Complaint) in the Superior Court Case. The Defendants remained unchanged. On January 3, 2020, the Phoebe-Affiliated Defendants filed *Defendants' Answer and Defensive Pleadings to Plaintiff's Complaint for Damages – Amendment 1*. On the same date, the Federal PHS-Affiliated Defendants filed *Defendants' Collective Answer to Plaintiff's Amended Complaint by Special Appearance Only*, again contesting venue and demanding application of the FTCA with respect to the claims against them.

---

[4]  CCH is a Federally Qualified Health Center, and it and its employees are provided certain protections under federal law, including the FTCA.

Kydaisha Burton filed her *Motion to Add Additional Parties* in the Superior Court Case on December 31, 2019. Said motion was granted and on January 15, 2020, Plaintiff filed her *Complaint for Damages – Amendment 2* (to wit: Second Amended Complaint), again naming the same defendants, but adding/amending as named plaintiffs: Kydaisha Burton, individually and as Mother, Next Friend, and Natural Guardian of Kyrie Burton, her minor child; and Keshawn Campbell,[5] individually.

On February 14, 2020, the Federal PHS-Affiliated Defendants filed their *Notice of Removal* to the United States District Court for the Middle District of Georgia, Case No. 1:20-cv-00029-LAG, removing the case on behalf of said defendants pursuant to 42 U.S.C. §§ 233. Included in the removal to federal court were the claims pending against the other defendants named in the Superior Court Case, on the asserted basis that the District Court could exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a). The Federal PHS-Affiliated Defendants filed in the federal court on the same date their *Notice of Substitution of Party Defendant* pursuant to the FTCA, substituting the United States for said defendants. Also on the same day, the Federal PHS-Affiliated Defendants filed in the federal court their *Motion to Dismiss United States of America*, alleging that the Plaintiffs had not filed an administrative claim as a prerequisite to bringing suit against the United States.

The Court granted the Motion to Dismiss on March 18, 2020, and while recognizing that the medical malpractice and related claims remained pending against the other defendants declined to exercise supplemental jurisdiction over those claims. Additionally, Plaintiffs' Complaint was dismissed without prejudice. In response to *Plaintiffs' Motion to Reconsider, Vacate, and Modify the Court's Order Dismissing This Action, and Remand the Claims Against the Phoebe Defendants*

---

[5] Keshawn Campbell is the purported natural father of the minor child, Kyrie Burton.

*to the Georgia Court*, the Court by Order of May 14, 2020, partially vacated its March 18, 2020 Order, and remanded to the Dougherty County Superior Court the claims against the Phoebe-Affiliated Defendants.

On January 20, 2021, Plaintiffs Kydaisha Burton, individually and as Mother, Next Friend, and Natural Guardian of Kyrie Burton, her minor child, and Keshawn Campbell, individually, filed suit in the United States District Court for the Middle District of Georgia, Case No. 1:21-cv-00017-LAG ("Federal Court Case") (Doc. 1), naming as defendant, the United States of America. On April 9, 2021, the United States filed its *Motion to Dismiss Complaint* (Doc. 7). This Court denied the Motion to Dismiss on March 31, 2022 (Doc. 15). The United States filed its *Answer* (Doc. 17) to the Complaint on May 16, 2022. A year later, on May 3, 2023, the United States filed its *Motion to Join as Party Defendants* (Doc. 30) seeking to join as parties to the Federal Court Case the Phoebe-Affiliated Defendants. Plaintiffs filed their *Motion to Strike Motion to Join as Party Defendants* (Doc. 32) on May 9, 2023, and the Plaintiffs' Motion was denied on July 25, 2023 (Doc. 39). This Court granted in part and denied in part the Motion for Joinder on March 29, 2024 (Doc. 50), said Order denying the United States' request to join the Phoebe-Affiliated Defendants to the federal action, but granting the United States leave to file a third-party complaint for contribution against the Phoebe-Affiliated Defendants. On April 26, 2024, the United States filed its *Third-Party Complaint* (Doc. 53) against the Phoebe-Affiliated Defendants. The Third-Party Defendants filed their *Motion to Dismiss Third-Party Complaint* (Doc. 55) and their *Answer, Affirmative Defenses, and Counterclaims* (Doc. 54) on July 8, 2024. The United States filed its *Amended Third-Party Complaint* (Doc. 59) on July 26, 2024.[6]

---

[6] Generally, the changes to the Third-Party Complaint that are reflected in the Amended Third-Party Complaint are to remove allegations related to apportionment and hybrid contribution-apportionment.

## II.    SUMMARY OF ISSUES AND ANAYLSIS

The ultimate issue is whether the United States has a right to bring the contribution action pleaded in the Amended Third-Party Complaint. The short answer is "no." State law controls claims for apportionment and contribution, including as to those actions in the federal courts relating to claims of contribution by, and claims of contribution against, the United States. *See Erdman v. United States*, No. 3:21-CV-75, 2022 WL 1747943 (M.D. Ga. May 31, 2022); *McEntyre v. Sam's East, Inc.*, No. 1:17-CV-177, 2019 WL 13098402 (M.D. Ga. Feb. 13, 2019); *Williams v. Tristar Products, Inc.*, No. 7:17-CV-662017, 2017 WL 10846619, at *2 (M.D. Ga. Oct. 2, 2017).

Georgia law provides to the Third-Party Defendants in the Superior Court Case the right to have the Plaintiffs' damages apportioned among the parties and any relevant non-parties to that lawsuit. Where apportionment applies, the statutory right to contribution is nullified. Accordingly, as things exist, there can be no right of contribution by any person or entity against the Third-Party Defendants relating to the damages claimed by the Plaintiffs in this Federal Court Case or in the Superior Court Case. *See McEntyre*, 2019 WL 13098402, at *2. The Amended Third-Party Complaint therefore fails to state a claim upon which relief may be granted and must be dismissed as a matter of law.

## III.    ANALYSIS AND LEGAL ARGUMENT

### A.    STATE LAW CONTROLS ON THE ISSUES OF APPORTIONMENT AND CONTRIBUTION

The United States has, as noted, filed its Amended Third-Party Complaint for contribution in the United States District Court. Thus, the initial question is whether Georgia law or federal law will decide the issue of the availability of contribution. There is a plethora of federal case law declaring that state law governs the issue. "The right to indemnity or contribution under the Federal

Tort Claims Act is governed by state law." *United States Lines, Inc. v. United States*, 470 F.2d 487, 490 (5th Cir. 1972)[7] (citing 28 U.S.C.A. §§ 1346(b), 2674); *see Overseas Nat'l Airways, Inc. v. United States*, 766 F.2d 97, 100 (2nd Cir. 1985) ("A fair reading of the FTCA and applicable Supreme Court precedent leads us to the conclusion that state law governs claims by the United States for contribution from other defendants . . .".); *United States v. Paniagua*, No. 22-CV-1095-XR, 2023 WL 2904580, at *3 (W.D. Tex. April 10, 2023) (applying Texas law to contribution claim by the United States against private individual); *Pinones v. Baldridge*, 658 F.Supp.3d 819, 822-23 (S.D. Cal. 2023) (applying California law to third-party contribution claim against the United States); *Allied Ins. Co. v. United States*, 627 F.Supp.3d 944, 956 (N.D. Ill. 2022) (applying Illinois law to contribution claim by private party against the United States); *Hunter v. United States*, No. CV419-174, 2022 WL 21697413, at *2 (S.D. Ga. Feb. 24, 2022) (In denying the United States' motion for leave to file a third-party complaint asserting claims for contribution, the court declared that "in determining whether to allow a third-party complaint, a court must also evaluate whether the applicable state law allows contribution"); *Whitewing v. United States*, No. 8:20CV134, 2021 WL 4844604, at *4 (D. Neb. Oct. 18, 2021) (applying Nebraska law to contribution claim by the United States against a private person); *Bajorek-Delater v. United States*, No. 17-CV-10570, 2020 WL 6562255, at *3-4 (E.D. Mich. Nov. 9, 2020) (applying Michigan law to third-party contribution action by United States against private defendants); *Scott v. United States*, No. 3:18-CV-00629-NJR, 2020 WL 6134890, at *5 (S.D. Ill. Oct. 19, 2020) (applying Illinois law to third-party contribution action by the United States against a private party).

Importantly, this Court has issued opinions in two relatively recent cases applying state

---

[7]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

law to apportionment and contribution claims. *See Erdman*, 2022 WL 1747943; *see also McEntyre*, 2019 WL 13098402. The Court had earlier ruled that state law controls the availability of contribution, even in federal court actions. *Williams*, 2017 WL 10846619, at *2.

Presumably, underlying the application of state law to apportionment/contribution claims in the federal courts is a recognition that contribution is a substantive right, not simply a procedural matter.[8] The Northern District of Georgia considered the issue in relation to apportionment, and while not making a definitive determination, acknowledged that it has the characteristics of a substantive right:

> "Whether the apportionment statute generally is a procedural or substantive rule has not been addressed by the Georgia Supreme Court. Certainly damages are a 'remedy' that may constitute a 'statute[] merely affecting … remedies …' *Deal*, 294 Ga. at. 174-175, 751 S.E.2d at 342 n.12. Conversely, however, the apportionment statute does appear to relate to 'creat[ing] rights, duties, and obligations' of the parties at fault, and not only the 'enforce[ment of] those rights, duties, and obligations.'"

*Creech v. Brinker Georgia, Inc.*, No. 4:22-CV-00099-SCJ, 2022 WL 20626431, at *4 n.7 (N.D. Ga. Nov. 28, 2022) (punctuation in the original) (quoting *Harrell v. City of Griffin*, 346 Ga. App. 635, 640, 816 S.E.2d 738, 743 (2018); *Fowler Properties, Inc. v. Dowland*, 282 Ga. 76, 78, 646 S.E.2d 197, 200 (2007)). The Northern District of Georgia has declared that "[a]pportionment of fault is "a substantive issue, rather than an evidentiary one . . .." *Knieper v. Wright*, No. 4:15-CV-00222-HLM, 2018 WL 11330169, at *3 (N.D. Ga. Dec. 18, 2018); *see also Giusto v. Int'l Paper Co.*, 571 F.Supp.3d 1346 (N.D. Ga. Nov. 23, 2021) (addressing "Georgia's substantive apportionment law").

---

[8] That contribution and apportionment are substantive rights is important in the context of the procedural and substantive due process violations that will occur by denial to the Third-Party Defendants of the right to apportionment and/or the allowing of a contribution action by the United States against the Third-Party Defendants as things currently stand.

*Harrell*, in comparing substantive law and procedural law noted that "[t]he distinction is that a substantive law creates rights, duties, and obligations while a procedural law prescribes the methods of enforcing those rights, duties, and obligations." 346 Ga. App. at 640 (quoting *Fowler Properties*, 282 Ga. at 78). Pursuant to *Harrell* and *Fowler Properties*, while apportionment involves—in a sense—a *procedure* for allocating the percentages of liability to be assessed a defendant, it is *substantive* law in that it grants a right to apportionment and places a substantive, defined limit on the damages that can be allocated to a particular defendant. Indeed, except per random chance in rare cases, a defendant subject to contribution will pay an amount in damages different from what the defendant would pay pursuant to Georgia's apportionment statute.[9]

Thus, the Third-Party Defendants have substantive and procedural rights to apportionment of the Plaintiff's damages in the Superior Court Case among those who are responsible (both parties and nonparties) and in proportion to the responsibility of each such party or non-party. Denial of the right to apportionment would constitute substantive and procedural due process violations pursuant to both the Georgia Constitution and the Constitution of the United States. Likewise, the Third-Party Defendants are substantively and procedurally exempt from any contribution action so long as apportionment is available to them, and to allow the Amended Third-Party Complaint for contribution to be maintained would constitute substantive and procedural due process violations pursuant to both the Georgia Constitution and the Constitution of the United States.

### B.    THE AMENDED THIRD-PARTY COMPLAINT IS SUBJECT TO DISMISSAL

Whether the Amended Third-Party Complaint is subject to dismissal depends upon whether

---

[9] By pure chance, the odds that a defendant would pay the same thing pursuant to an apportionment scheme as the defendant would pay pursuant to contribution, would statistically be no more than one out of every one hundred cases.

contribution is available, or under the existing circumstances would be available to the United States as to the Third-Party Defendants.

1.  **The relationship between apportionment and contribution pursuant to Georgia law.**

"[T]he right to contribution is statutory, and the statute makes it available only among joint tortfeasors." *ALR Oglethorpe, LLC v. Fidelity Nat'l Title Ins. Co.*, 361 Ga. App. 776, 782, 863 S.E.2d 568, 575 (2021) (citing OCGA § 51-12-32). Additionally, the "statutory right of contribution under OCGA § 51-12-32 is now subject to certain limitations imposed by the apportionment statute, *see* OCGA § 51-12-32(a) (establishing right of contribution '[e]xcept as provided in Code Section 51-12-33')." *Id.; see Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 312 Ga. 350, 356 n.2, 862 S.E.2d 295, 300 n.2 (2021) (Pursuant to O.C.G.A. § 51-12-32(a) the "right of contribution 'shall continue unabated' except as provided in the apportionment statute," but where damages are apportioned under O.C.G.A. § 51-12-33(b) the latter statute renders the former statute "a nullity.") (citing *Federal Deposit Ins. Corp. v. Loudermilk*, 305 Ga. 558, 575, 826 S.E.2d 116, 128 (2019)).

The Georgia Court of Appeals, in addressing the relationship between apportionment and contribution stated:

> We note at the outset that we must pretermit whether the apportionment statute, OCGA § 51-12-33, impacts the contribution claim before us. … But the apportionment statute has not completely abolished the statutory right of contribution. "Where apportionment does not apply, joint tortfeasors who both proximately cause a single injury are jointly and severally liable for damages caused by the injury, and a tortfeasor may seek contribution from its joint tortfeasor(s)." *Alston & Bird v. Hatcher Mgmt. Holdings*, 312 Ga. 350, 356 n.2, 862 S.E.2d 295, 300 n.2 (2021).

*ALR Oglethorpe*, 361 Ga. App. at 782. Thus, to determine whether contribution is available, it is necessary to assess whether O.C.G.A. § 51-12-33 precludes contribution pursuant to the facts of

the particular case.[10]  Subsection (b) of O.C.G.A. § 51-12-33 provides that:

> Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, **and shall <u>not</u> be subject to any right of contribution**.

(Emphasis supplied.)  Accordingly, "[w]hen apportionment applies, then recovery for joint and several liability and contribution are unavailable." *Creech*, 2022 WL 20626431, at *4 (citing O.C.G.A. § 51-12-33(b)). *See McEntyre*, 2019 WL 13098402, at * 2 ("To the extent that Georgia's contribution statute is still effective, it is not an alternative to the apportionment statute in a case such as this where a trier of fact will apportion damages pursuant to § 51-12-33"). Conversely, "if O.C.G.A. § 51-12-33 does not apply, then the contribution provisions for joint tortfeasors is available." *Creech*, 2022 WL 20626431, at *5 (citing O.C.G.A. §§ 51-12-32(a), 51-12-33).[11]  *See also KOS Ltd. v. Dockery*, 371 Ga. App. 216, 225, 899 S.E.2d 796, 803 (2024) ("Where apportionment does not apply, joint tortfeasors who both proximately cause a single injury are jointly and severally liable for damages caused by the injury[.]"); *Deaton Holdings, Inc. v. Reid*, 367 Ga. App. 746, 748, 750-51, 888 S.E.2d 333, 334, 335-36 (2023) (quoting *Hatcher Mgmt. Holdings*, and positing that the Supreme Court of Georgia has allowed third-party contribution

---

[10]  Except as otherwise noted, citations to O.C.G.A. § 51-12-33 shall be to the version of the statute effective as of the time of Plaintiffs' filing of the Superior Court Case.

[11]  In harmonizing O.C.G.A. §§ 51-12-32 and 51-12-33, the Supreme Court of Georgia opined that "[t]he divisible-fault requirement reconciles these two statutes, which sit side-by-side in the Georgia Code: the apportionment statute applies when an action is brought against more than one person and fault is divisible." *Loudermilk*, 305 Ga. at 575. Notably, this is not a case involving concerted action and/or indivisibility of fault between the Federal PHS-Affiliated Defendants and the Third-Party Defendants, such that contribution could otherwise apply despite the apportionment provisions of O.C.G.A. § 51-12-33(b). *See id.*

complaints "when apportionment is not available."); *ALR Oglethorpe*, 361 Ga. App. at 782 (The "apportionment statute has not completely abolished the statutory right of contribution," but contribution will lie only where "apportionment does not apply [and] joint tortfeasors who both proximately cause a single injury are jointly and severally liable for damages caused by the injury."); *Hatcher Mgmt. Holdings,* 312 Ga. at 356 n.2 (2021) ("Where apportionment does not apply, joint tortfeasors who both proximately cause a single injury are jointly and severally liable for damages caused by the injury, and a tortfeasor may seek contribution from its joint tortfeasor(s).").

Importantly, as noted above, this Court has previously declared that "[w]here, as here, the apportionment statute applies, 'apportioned damages shall not be subject to any right of contribution.'" *McEntyre*, 2019 WL 13098402, at *2 (quoting *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987)). This Court further stated that contribution "only applies in cases where both defendants have settled with the Plaintiff and no trier of fact has had the opportunity to apportion damages." *Id.* at *3. Thus, while a court "still has the opportunity and obligation to fairly apportion damages," contribution cannot lie, and under that scenario in *McEntyre* this Court dismissed the pending third-party complaint for contribution. *Id.* at *3. The Court is here confronted with a similar factual scenario as presented in *McEntyre*, to wit: The Superior Court of Dougherty County "still has the ***opportunity and obligation*** to fairly apportion damages" as to the Third-Party Defendants and the United States' contribution claims cannot be maintained.

## 2. The apportionment provisions of O.C.G.A. § 51-12-33(b) apply to Plaintiffs' claims against the Third-Party Defendants.

Georgia law allows for the apportionment of damages based upon the fault of both parties and non-parties to a lawsuit. *See* O.C.G.A. § 51-12-33. Until O.C.G.A. § 51-12-33(b) "was amended on May 13, 2022, it allowed apportionment of damages among all liable persons [only]

'when an action is brought against *more than one person*.'" *Garvin v. TransAm Trucking, Inc.*, No. CV422-062, 2024 WL 1719918, at *3 (S.D. Ga. Apr. 22, 2024) (emphasis in original) (quoting *Hatcher Mgmt. Holdings*, 312 Ga. at 353). That version of the statute was in effect at the time Plaintiff originally brought her action. Thus, to determine the applicability of the apportionment statute to these instant cases—the federal and the state court lawsuits—it must be determined whether the action is "brought against" more than one person.

The Superior Court Case is brought against six named defendants. Both the pre-May 13, 2022, and subsequent versions of the statute provide for apportionment as to the claims in the Superior Court Case against the Third-Party Defendants. Accordingly, because O.C.G.A. § 51-12-33 applies to allow apportionment, contribution is therefore unavailable to the United States as against the Third-Party Defendants.

### 3. The apportionment provisions of O.C.G.A. § 51-12-33(b) are not available to the United States as to the Plaintiffs' claims in the Federal Court Case.

The Federal Court Case is brought against only the United States and was filed on January 20, 2021. The operable version of O.C.G.A. § 51-12-33(b) applies only where the action was brought against "more than one person." Thus, the apportionment provisions of the operable statute do not apply to the Plaintiffs' claims in the Federal Court Case and the United States is not entitled to apportionment as to the claims brought against it by the Plaintiffs.

### 4. The United States is not entitled to bring a contribution action against the Third-Party Defendants.

Where damages are apportioned pursuant to the provisions of O.C.G.A. § 51-12-33(b), the right to contribution pursuant to O.C.G.A. § 51-12-32 is nullified and contribution cannot be had. *See* O.C.G.A. §§ 51-12-32, 51-12-33(b); *Hatcher Mgmt. Holdings*, 312 Ga. at 356 n.2; *Loudermilk*, 305 Ga. at 575; *ALR Oglethorpe*, 361 Ga. App. at 782; *McEntyre*, 2019 WL 13098402, at *2;

*Creech*, 2022 WL 20626431, at *4. "Where, as here, the apportionment statute applies, 'apportioned damages shall not be subject to any right of contribution.'" *McEntyre*, 2019 WL 13098402, at *2 (quoting *Olavarrieta*, 812 F.2d at 643). Accordingly, contribution "only applies in cases where both defendants have settled with the Plaintiff and no trier of fact has had the opportunity to apportion damages." *Id.* at *3. As things now stand, the Third-Party Defendants are entitled to apportionment pursuant to O.C.G.A. § 51-12-33(b), and there can be no right to contribution as against the Third-Party Defendants by the United States or any other person or entity. Therefore, the United States' Amended Third-Party Complaint is without any basis in law or fact and should be dismissed as a matter of law.

## IV.   CONCLUSION

Georgia law controls the applicability of contribution and apportion to the claims brought by the Plaintiffs in the Superior Court Case and the Federal Court Case. The Third-Party Defendants are entitled to apportionment as to the Plaintiffs' claims against them in the Superior Court Case and cannot therefore be subject to a contribution action by the United States pursuant to the Amended Third-Party Complaint, or otherwise. The Amended Third-Party Complaint therefore fails to state a claim against the Third-Party Defendants upon which relief may be granted, and must be dismissed as a matter of law.

WHEREFORE, the Third-Party Defendants request the Court grant their Motion to Dismiss the Amended Third-Party Complaint and award costs and attorneys' fees to the Third-Party Defendants related to the bringing of this Motion and the other actions necessitated to defend against the claims brought by the United States against the Third-Party Defendants.

This 8th day of August, 2024.

WATSON SPENCE LLP
*Attorneys for Third-Party Defendants Pheobe Putney Health System, Inc.; Phoebe Sumter Medical Center, Inc.; Phoebe Putney Memorial Hospital, Inc.; Jack D. Owens, M.D.; Sirlena E. Brown, N.P.; and Fleming Burroughs*

*/s/ F. Faison Middleton, IV*
F. Faison Middleton, IV
Georgia Bar No.: 504745
*/s/ Louis E. Hatcher*
Louis E. Hatcher
Georgia Bar No.: 337342
*/s/ Tyerus R. Skala*
Tyerus R. Skala
Georgia Bar No.: 764980
Post Office Box 2008
Albany, Georgia 31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
fmiddleton@watsonspence.com
lhatcher@watsonspence.com
tskala@watsonspence.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing ***Third-Party Defendants' Motion to Dismiss Amended Third-Party Complaint and Memorandum of Law in Support Thereof*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all persons duly registered therewith to receive filings in the above-styled matter.

This 8th day of August, 2024.

WATSON SPENCE LLP

*/s/ F. Faison Middleton, IV*
F. Faison Middleton, IV