# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| KYDAISHA BURTON, Individually and as Mother, Next Friend, and Natural Guardian of K.B., her minor child, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>  Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : CASE NO.: 1:21-CV-17 (LAG) <br> : <br> : <br> : <br> : <br> : |

## **ORDER**

Before the Court is Third-Party Defendants Phoebe Putney Health System, Inc., Phoebe Sumter Medical Center, Inc., Phoebe Putney Memorial Hospital, Inc., Jack D. Owens, M.D., Sirlena E. Brown, N.P., and Fleming Burroughs, M.D.'s Motion to Dismiss Amended Third-Party Complaint and Memorandum in Support Thereof (Motion to Dimiss) (Doc. 61). For the reasons below, the Third-Party Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND

On October 22, 2019, Plaintiffs Kydaisha Burton, on behalf of herself and her minor child, K.B., and Keshawn Campbell, K.B.'s father, filed an action in the Superior Court of Dougherty County, Georgia. *See Burton v. Phoebe Putney Health Sys., Inc.* (*Burton I*), No. 1:20-CV-29 (LAG), (Doc. 1-1) (M.D. Ga. Feb. 14, 2020). Plaintiffs raised medical negligence claims against multiple healthcare entities, doctors, nurse practitioners, and certified nurse midwives that provided medical care to Burton and K.B. during Burton's pregnancy, labor, and delivery in 2017 (the *Burton I* Defendants). *Id.* The *Burton I* Defendants included: Phoebe Putney Memorial Hospital, Inc.; CareConnect Health, Inc., doing business as Americus OBGYN; Ajay S. Gehlot, M.D.; Kenneth Healey, M.D.; Ashley Wilson, C.N.M.; Crystal Settle, C.N.M.; Jack D. Owens, M.D.; Sirlena E. Brown,

N.P.; Fleming Burroughs, M.D.; and twenty-six John and Jane Does. *Id.* On February 14, 2020, the Government removed the action to this Court and substituted itself as a defendant for Americus OBGYN, Dr. Geholt, Dr. Healey, C.N.M. Wilson, and C.N.M. Settle, who were deemed employees of the Public Health Service. *Id.* at (Docs. 1, 3). On May 14, 2020, the Court granted the Government's motion to dismiss for failure to exhaust administrative remedies and lack of subject matter jurisdiction and remanded the case to the Superior Court of Dougherty County. *See id.* at (Doc. 22 at 1).

On June 9, 2020, Plaintiffs filed administrative tort claims with the Department of Health and Human Services, seeking damages for the allegedly negligent treatment of Burton and K.B. by Dr. Geholt, Dr. Healey, C.N.M. Wilson, and C.N.M. Settle at Americus OBGYN. (Doc. 3-1). Plaintiffs filed this action against the Government on January 20, 2021, asserting claims for medical negligence and institutional negligence under the Federal Tort Claims Act. (Doc. 1 ¶¶ 111–42). On March 31, 2022, the Court denied the Government's Motion to Dismiss. (Doc. 15).

On March 2024, the Court granted in part and denied in part the Government's Motion to Join Party Defendants Phoebe Putney Health System, Inc., Phoebe Sumter Medical Center, Inc., Phoebe Putney Memorial Hospital, Inc., Jack D. Owens, M.D., Sirlena E. Brown, N.P., Fleming Burroughs, M.D., "and all other defendants in the state court case currently pending in Dougherty County State Court" as defendants in this case (Third-Party Defendants). (Doc. 50 at 1–2; *see* Doc. 30). The Court determined that the State Court Defendants were not required parties are Rule 19 but that the Government could implead the State Court Defendants via Rule 14. (Doc. 50 at 4–11). The Government filed a Third-Party Complaint on April 26, 2024. (Doc. 53) The Third-Party Defendants filed an Answer and a Motion to Dismiss on July 8, 2024. (Docs. 54, 55). The Government filed an Amended Third-Party Complaint on July 26, 2024. (Doc. 59). The Third-Party Defendants filed an Answer and a Motion to Dismiss the Amended Third-Party Complaint on August 8, 2024. (Docs. 61, 62). The Government responded on September 12, 2024, and the Third-Party Defendants replied on September 25, 2024. (Doc. 65). The

Government filed a Notice of Supplemental Authority on November 6, 2024. (Doc. 68). Accordingly, the Motion to Dismiss is ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

Federal Rule of Civil Procedure 14(a)(1) allows for a defending party to implead a third party "who is or may be liable to it for all or part of the claim against it." The Eleventh Circuit interprets Rule 14 as allowing impleader when the "third person's liability on that claim is in some way dependent upon the outcome of the main claim." *U.S. v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) (per curiam). In other words, "if the defendant has no liability to the plaintiff, then the third-party defendant has no liability to the defendant-third party plaintiff." *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a [Third Party Plaintiff's claim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if it alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Third-Party Complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court "take[s] the factual allegations in the [Third-Party Complaint] as true and construe[s] them in the light most favorable to the plaintiffs" but is "not required to accept the legal conclusions in the complaint as true." *Anderson*, 17 F.4th at 1344–45 (citations omitted). "[A third-party] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

The Third-Party Defendants argue that, because Georgia's apportionment statute applies to the parallel proceeding in state court there is no right to contribution in the case pending in federal court. (Doc. 61 at 13–14). Georgia law controls whether apportionment

and contribution are available in this case. Under Georgia law, where the apportionment statute applies, a defendant does not have right to contribution. O.C.G.A. §§ 51-12-33, 51-12-34; *see also Fed. Deposit Ins. Corp. v. Loudermilk*, 826 S.E.2d 116, 128–29 (Ga. 2019) (explaining that damages apportioned under § 51-12-33 are not subject to any right of contribution). Moreover, in *Alston & Bird, LLP v. Hatcher Management Holdings, LLC*, the Supreme Court of Georgia made clear that the pre-2022 apportionment statute, which was in effect when Plaintiff initiated this action, "does not apply *to cases* with a single defendant[.]" 862 S.E.2d 295, 300 n.2. (Ga. 2021); *see also* O.C.G.A. § 51-12-33(b).

As was the case in *Alston*, "[t]he only defendant in this case is [the Government,]" and "[t]here is no grant of authority in the [applicable] apportionment statute to reduce damages according to the percentage of fault allocated to a nonparty in a case with only one named defendant." *Alston*, 862 S.E.2d at 300; (*see* Doc. 1). While the state court may have authority to apportion damages among the defendants in the action before it, this Court does not have apportionment authority. *See id.*; *ALR Oglethorpe, LLC v. Fidelity Nat'l Title Ins.*, 863 S.E.2d 568, 575 (Ga. Ct. App. 2021). Because the underlying actions in the case before this Court occurred before the 2022 apportionment statute came into effect and because there is only one defendant in the case before this Court, the conditions necessary to invoke O.C.G.A. § 51-12-33 are not present. *See Alston*, 862 S.E.2d at 300. The Third-Party Defendants cite to no direct authority to support the contention that, because the conditions of OCGA § 51-12-33 have been met in a parallel state court action, this Court can ignore the fact that those same conditions have not been met in this action. (*See* Docs. 61, 65). The Third-Party Defendants' reliance on *McEntyre* to support this argument is misplaced. (*See* Doc. 61 at 8–12); *see McEntyre v. Sam's East, Inc.*, No. 1:17-CV-177 (LAG), 2019 WL 13098402, at *3 (M.D. Ga. Feb. 13, 2019). In *McEntyre*, the Court explained that because *this Court* "still [had] the opportunity and obligation to fairly apportion damages[,]" contribution was not permissible. *McEntyre*, 2019 WL 13098402, at *3. *McEntyre* in no way addressed the question of whether the availability of apportionment in a separate matter in a separate court has any bearing on the application of Georgia's pre-2022 apportionment statute in this Court. *See id.* Absent any authority to

the contrary and giving full credit to the text of O.C.G.A. § 51-12-33, because the case before this Court has only one Defendant, the apportionment statute does not apply; and contribution may be enforced. *See* O.C.G.A. § 51-12-32.

Because contribution is permissible, and "Federal Rule of Civil Procedure Rule 14 allows [the Goverment] to accelerate the common law right of contribution via impleader[,]" the Government has stated a claim for relief that can be granted. *Landberg*, 2008 WL 11334018, at *3 (first citing Moore's Federal Practice § 14.05[2]; and then citing *Andrulonis v. United States*, 26 F.3d 1224, 1234 (2d Cir. 1994)).

## CONCLUSION

Accordingly, the Third-Party Defendants' Motion to Dismiss is **DENIED**.

**SO ORDERED**, this 31st day of March, 2025.

        /s/ Leslie A. Gardner
        **LESLIE A. GARDNER, CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**