**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| KYDAISHA BURTON, individually and as Mother, Next Friend, and Natural Guardian of K.B., her minor child, and KESHAWN CAMPBELL, individually, : : : : : Plaintiffs, : : v. : : UNITED STATES OF AMERICA, : : Defendant. : : | CASE NO.: 1:21-CV-17 (LAG) |

## ORDER

Before the Court is the Plaintiff's Consent Motion to Approve Compromise and Settlement of Minor's Claim (Doc. 75) and Motion for Disbursement of Settlement Funds Upon Receipt (Doc. 76). For the reasons stated below, Plaintiff's Motions are **GRANTED**.

## BACKGROUND

This matter arises out of Kydaisha Burton's pregnancy, labor, and delivery of her minor child, K.B., which resulted in: Burton suffering a single, indivisible, severe, and permanent injury to her and K.B. suffering a single, indivisible, severe, and permanent injury and "serious physical injury, disfigurement, disability, and physical and mental pain and suffering, mental anguish, emotional distress, depression, and a general impairment and decline of his health." (Doc. 3 at ¶ 105, 106, 107, 110). On September 16, 2025, Plaintiffs filed the subjection Motions seeking the Court's approval to settle the claims brought on behalf of Plaintiffs. (Doc. 75).

Therein, Plaintiffs represent that they and Defendant have "agreed to resolve Plaintiffs' claims against Defendant [United States of America.]" (Doc. 75 at ¶ 4). In support of their motion, Plaintiffs attached a document titled "Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677"

(the Settlement Agreement) that sets forth the payments to be received pursuant to the terms of the proposed Settlement Agreement. (Doc. 75-1). Under the terms of the Settlement Agreement, Defendant agrees to pay two million dollars ($2,000,000.00) for Plaintiffs' claims. (Doc. 75-1 at ¶ 3). Of that amount, no more than twenty-five percent (25%) or five hundred thousand dollars ($500,000.00) would go towards attorney's fees and legal Guardian Ad Litem fees. (Doc. 75-1 at ¶ 3d). The one million five hundred thousand dollar ($1,500,000.00) remainder would be subject to distribution to a first-party irrevocable special needs trust approved and created by the Doughtery County Superior Court on August 5, 2025. (Doc. 75 at ¶ 6).

Plaintiffs also seek the Court's approval of distribution of the settlement funds. (Doc. 76). Therein, Plaintiffs "seek an order from the Court that, upon [Stone Law Group's] receipt of the settlement funds in its IOLTA account, authorize the Plaintiffs and [Stone Law Group] to pay or distribute the net settlement proceeds" to the special needs trust administered and managed by the trustee, Advocacy Trust, LLC. (Doc. 76 ¶ 4–5).

## DISCUSSION

Pursuant to O.C.G.A. § 29-3-3(c)(2), "[i]f the proposed gross settlement of a minor's claim is more than $25,000.00, and the net settlement is $25,000.00 or less[,]" (1) the settlement shall be submitted to approval to "[t]he court in which legal action is pending if legal action has been initiated," (2) "[n]o conservator shall be required to compromise the claim[,]" and (3) "[n]o conservator shall be required to receive payment of the settlement" as long as the "natural guardian receiving payment" holds and uses the settlement for the benefit of the minor. The "gross settlement" amount includes "the present value of all amounts paid or to be paid in settlement of a minor's claim, including cash, expenses of litigation, attorney's fees, and any amounts allocated to a structured settlement or other similar financial arrangement." O.C.G.A. § 29-3-3(a)(1). The "net settlement" amount includes the gross settlement amount minus (1) "[a]ttorney's fees, expenses of litigation, and legally enforceable liens against the settlement that are to be paid from the settlement proceeds;" (2) "[t]he present value of amounts to be received by the minor after reaching the age of majority;" and (3) "[t]he present value of amounts to be placed into a

2

trust that the . . . court in which the action is pending approves or creates for the benefit of the minor." *Id.* § 29-3-3(a)(2).

Legal action is pending in this Court and has been since Plaintiffs filed their complaint on January 20, 2021. (Doc. 1). Here, the gross amount is two million dollars ($2,000,000.00). (Doc. 75-1 at ¶ 3). Minus attorney's fees ($500,000.00), expenses of litigation, legally enforceable liens, the present value to be received by K.B. after the age of majority, and the present value to be placed into a trust ($1,500,000.00) the net settlement amount is less than $25,000.00. Thus, no conservator is required to compromise the claim nor receive payment.

After review of the complaint and proposed settlement agreement, the Court finds that the settlement reached in the pending lawsuit is fair, just, and reasonable under the circumstances and that the settlement is in the best interests of K.B. Further, the attorney's fees and expenses incurred are reasonable given the risks Plaintiff's counsel undertook, the duration of the litigation, and the results reached for Plaintiffs. The apportionment of the settlement proceeds is fair, just, and reasonable. Accordingly, Plaintiffs are authorized to execute all documents necessary to finalize and facilitate the intent of the settlement and Plaintiff is authorized to pay their respective shares of fees and expenses to counsel out of the settlement proceeds. Plaintiffs Consent Motion to Approve Compromise and Settlement of Minor's Claim (Doc. 75) is **GRANTED**, Plaintiff's Motion for Disbursement of Settlement Funds (Doc. 76) is **GRANTED**, and the Court **ORDERS** as follows:

1. The settlement as set forth in the Settlement Agreement is hereby approved and Kydaisha Burton, as mother, next friend; and guardian, is authorized and required to sign any documents necessary to consummate the settlement on behalf of K.B. Kydaisha Burton, as mother, next friend, and guardian, is the guardian of the property of K.B., for purposes of receiving funds on his behalf.

2. The settlement amount of two million dollars ($2,000,000.00) shall be distributed according to the terms and conditions of the settlement as set forth in

the Settlement Agreement and the stipulation for lump Settlement and Release attached as Exhibit 1 to the Motion.

3. Attorney's fees shall not exceed twenty-five percent (25%) of the settlement amount and shall be paid as set forth in the Settlement Agreement. Any such attorney's fees, costs and expenses of litigation, and Guardian Ad Litem fees (if any) shall be paid out of the settlement amount.

4. Plaintiffs and their counsel may disburse the net settlement proceeds payable on K.B.'s behalf from Stone Law Group's IOLTA account to the first-party irrevocable special needs trust approved and created by the Doughtery County Superior Court on August 5, 2025, and administered and managed by Advocacy Trust, LLC.

5. The Parties are hereby authorized to execute any and all agreements, receipts, releases, and other documents necessary or proper to effect said settlement consistent with this Order.

**SO ORDERED**, this 6th day of October, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE
UNITED STATES DISTRICT COURT**